[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 30 2000
THOMAS K. KAHN
CLERK

_____

No. 99-10823
Non-Argument Calendar

_____

D. C. Docket No. 99-00324-CV-A-JEC-1

DOMINICK AKINWALE,

Plaintiff-Appellant,

versus

JANET RENO, Honorable,
U.S. Attorney General;
PAUL W. SCHMIDT,
Chairman (BIA), et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(June 30, 2000)**

Before TJOFLAT, BARKETT and HULL, Circuit Judges.

HULL, Circuit Judge:

Dominick Akinwale appeals from the district court's order dismissing for lack of subject matter jurisdiction his § 2241 habeas petition challenging a final deportation order. 28 U.S.C. § 2241. After review, we conclude that the district court had subject matter jurisdiction and thus reverse.

## I. BACKGROUND

### A. Immigration Proceedings

Akinwale is a native and citizen of Nigeria. In September 1984, Akinwale lawfully entered the United States on an F-1, nonimmigrant visa. In May 1987, Akinwale was granted permanent resident status. In March 1993, Akinwale was convicted in state court of trafficking heroin and sentenced to twenty-five years' imprisonment. In January 1995, the Immigration and Naturalization Service ("INS") ordered Akinwale to show cause why he should not be deported based on his drug-trafficking conviction, which the INS characterized as an "aggravated felony" under § 101(a)(43) of the Immigration and Nationality Act (the "INA").

At his deportation hearing on June 25, 1996, Akinwale, with counsel, conceded his deportability due to his conviction, but requested a waiver of deportation under INA § 212(c) (1994). The problem for Akinwale was that § 440(d) of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996) ("AEDPA"), had amended INA § 212(c)

to expand the types of felonies that rendered an alien ineligible for a waiver of deportation.[1]  At the June 25, 1996 hearing, the Immigration Judge ("IJ") found Akinwale deportable as charged.  Due to his drug-trafficking conviction, the IJ also concluded that Akinwale was statutorily ineligible for a waiver of deportation under INA § 212(c), as amended by AEDPA § 440(d).  Thus, the IJ denied Akinwale's § 212(c) request.  Akinwale appealed.

On March 10, 1997, the Board of Immigration Appeals ("BIA") affirmed the IJ's decision that Akinwale was statutorily ineligible for waiver of deportation under INA § 212(c), as amended by AEDPA § 440(d).  The BIA also noted that Akinwale could move to have his proceedings reopened for the limited purpose of challenging the IJ's deportability determination under Matter of Soriano, Int. Dec. 3289 (A.G., Feb. 21, 1997).  In Soriano, the Attorney General ruled that AEDPA § 440(d) should be applied to INA § 212(c) cases pending on AEDPA's effective date.  Int. Dec. 3289 (A.G., Feb. 21, 1997).  However, the Attorney General recognized "the remote possibility that an alien who had a colorable defense to deportability may have conceded deportability in reliance on the availability of section 212(c) relief."  Id.  To eliminate that possibility, the Attorney General

---

[1] The pre- and post-AEDPA versions of INA § 212(c) are discussed at length in Alanis-Bustamante v. Reno, 201 F.3d 1303, 1305 n.6 (11th Cir. 2000).

3

directed that, upon petition by an alien who had conceded deportability before AEDPA's April 24, 1996 effective date, that alien's case should be reopened for the limited purpose of permitting that alien to contest deportability.  Id.

Accordingly, on March 26, 1997, Akinwale requested the BIA to reopen his deportation proceedings.  On April 11, 1997, the BIA granted Akinwale's request and remanded the proceedings to the IJ.  On October 3, 1997, the IJ again found Akinwale deportable and ordered Akinwale deported to Nigeria.  Akinwale did not appeal the IJ's second deportability determination to the BIA, and the time for such an appeal has expired.  Thus, Akinwale's administrative proceedings are concluded, and Akinwale remains subject to a final deportation order.[2]

## B.  Section 2241 Habeas Petition

On February 1, 1999, Akinwale filed his § 2241 habeas petition asserting that the BIA erred in applying AEDPA § 440(d) retroactively to his § 212(c) request.  Akinwale asked the district court to issue a writ requiring the BIA to reopen his deportation proceedings and reconsider his § 212(c) request.  In April 1999, the

---

[2] We note that Akinwale's § 2241 petition states that he requested the BIA to reopen his deportation proceedings a second time on November 27, 1998, but that request was denied.

district court dismissed his § 2241 petition for lack of subject matter jurisdiction, but later granted a certificate of appealability on the jurisdictional issue. Thus, we now review whether the district court had jurisdiction over Akinwale's § 2241 petition.[3]

## II. DISCUSSION

To answer this jurisdictional issue, we first outline the provisions of the AEDPA and the Illegal Immigration Reform and Immigration Responsibility Act of 1996, Pub. L. No. 104-208, 110 Stat. 3009 (Sept. 30, 1996) ("IIRIRA"), relevant to review of final deportation or removal orders.[4] We then examine this circuit's decisions addressing § 2241 habeas jurisdiction in the post-AEDPA and IIRIRA era. Finally, we outline why the district court had subject matter jurisdiction over Akinwale's § 2241 petition under the particular circumstances of this case.

### A. AEDPA and IIRIRA

Prior to the enactment of AEDPA and IIRIRA, INA § 106(a)(10) provided that aliens held "in custody pursuant to an order of deportation may obtain judicial review thereof by habeas corpus proceedings." 8 U.S.C. § 1105a(a)(10) (repealed 1996). In addition, this Court had recognized that aliens could challenge

---

[3] We review issues of subject matter jurisdiction de novo. See Tefel v. Reno, 180 F.3d 1286, 1295 (11th Cir. 1999); Mayers v. INS, 175 F.3d 1289, 1295 (11th Cir. 1999).

[4] Under IIRIRA, deportation orders are now called removal orders. See 8 U.S.C. § 1229a.

deportation proceedings through a petition for habeas relief under 28 U.S.C. § 2241.  See Orozco v. INS, 911 F.2d 539, 541 (11th Cir. 1990).  In 1996, however, both AEDPA and IIRIRA restricted certain judicial review in immigration cases.

Specifically, AEDPA § 401(e) repealed former INA § 106(a)(10), which had permitted in-custody aliens to obtain judicial review of a deportation order through habeas corpus proceedings.  In lieu thereof, Congress enacted AEDPA § 440(a), which restricted judicial review as follows:  "Any final order of deportation against an alien who is deportable by reason of having committed [certain crimes that carry a deportation consequence under the INA] shall not be subject to review by any court."  8 U.S.C. § 1105a(a)(10) (repealed by IIRIRA).  AEDPA § 440(a) became effective on April 24, 1996.

Subsequently, IIRIRA replaced AEDPA § 440(a) with a new structure for judicial review.  See IIRIRA § 306.  IIRIRA, which became effective on April 1, 1997, contains two sets of provisions relating to review of final deportation orders: the transitional rules and the permanent rules.  See IIRIRA § 309(c)(4); Alanis-Bustamante v. Reno, 201 F.3d 1303, 1306 (11th Cir. 2000); Richardson v. Reno, 180 F.3d 1311, 1313 n.2 (11th Cir. 1999).  As summarized in Alanis-Bustamante, Congress has now divided deportation or removal cases into these three categories:

(1) Proceedings that culminated in a final order before October 31, 1996 are governed by AEDPA § 440(a);

(2) Proceedings that culminated in a final order after October 31, 1996, but that commenced before April 1, 1997 (the effective date of IIRIRA) are governed by the INA as amended by the special transitional rules of IIRIRA;

(3) Proceedings that commenced after April 1, 1997 are governed by the provisions of the INA as permanently amended by IIRIRA.

Alanis-Bustamante, 201 F.3d at 1306-07. Furthermore, four recent cases in this circuit address the availability of § 2241 jurisdiction post-AEDPA and IIRIRA: Innab v. Reno, 204 F.3d 1318 (11th Cir. 2000); Alanis-Bustamante v. Reno, 201 F.3d 1303 (11th Cir. 2000); Mayers v. INS, 175 F.3d 1289 (11th Cir. 1999); Richardson v. Reno, 162 F.3d 1338 (11th Cir. 1998) ("Richardson I"), vacated, 119 S. Ct. 2016 (June 1, 1999) (mem.), on remand, 180 F.3d 1311 (11th Cir. 1999) ("Richardson II"), cert. denied, 120 S. Ct. 1529 (2000).[5]

Mayers, Innab, and Alanis-Bustamante are transitional rule cases, and Richardson is a permanent rule case. As outlined later, we conclude Akinwale's § 2241 petition is governed by the transitional rules. Thus, we discuss Richardson only briefly and then focus more on Mayers, Innab, and Alanis-Bustamante.

---

[5] Innab, Alanis-Bustamante, Mayers, and Richardson were all decided after the district court's order dismissing Akinwale's § 2241 petition for lack of subject matter jurisdiction. Therefore, the district court was without the benefit of these decisions.

7

**B. Richardson**

The removal proceedings in Richardson did not commence until October 1997—after IIRIRA's effective date of April 1, 1997. Section 306(a)(2) of IIRIRA contains IIRIRA's permanent rules and enacts INA § 242. 8 U.S.C. § 1252. In Richardson I, this Court held that INA § 242 allows for judicial review in only the federal court of appeals and only after entry of a final order of deportation. Richardson I, 162 F.3d at 1378-79. In Richardson I, this Court further held that IIRIRA thus eliminated the district courts' § 2241 habeas jurisdiction to review immigration decisions in permanent rule cases. Id. In reaching this decision, Richardson I relies on several IIRIRA provisions, such as INA §§ 242(g), 242(b)(2), and 242(b)(9). Id. at 1356-79. After Richardson I, the Supreme Court decided Reno v. American-Arab Anti-Discrimination Committee, 525 U.S. 471, 119 S. Ct. 936 (1999) ("American-Arab"), and held that INA § 242(g) applies to only three discrete immigration decisions of the Attorney General—decisions to "commence proceedings, adjudicate cases, or execute removal orders." American-Arab, 119 S. Ct. at 943. On June 1, 1999, the Supreme Court issued a one-paragraph order remanding Richardson I for reconsideration in light of American-Arab. Richardson v. Reno, --- U.S.---, 119 S. Ct. 2016 (1999).

On remand, this Court in Richardson II reaffirmed its prior conclusion that in permanent rule cases, IIRIRA allows judicial review in only the court of appeals after a final deportation order and eliminates district courts' § 2241 habeas jurisdiction "over challenges to removal orders, removal proceedings, and detention pending removal." Richardson II, 180 F.3d at 1315. This time we relied on INA §§ 242(b)(9) and 242(b)(2), along with the overall revisions throughout INA § 242. Id. On March 27, 2000, the Supreme Court denied certiorari in Richardson II. See Richardson v. Reno, 120 S. Ct. 1529 (2000).

## C. Mayers, Innab, and Alanis-Bustamante

The availability of § 2241 jurisdiction in transitional rule cases, however, was addressed by this Court in Mayers, Innab, and Alanis-Bustamante. Mayers stresses that whereas Richardson I involved IIRIRA's permanent rules, Mayers concerns the different transitional rules. 175 F.3d at 1297-98 & nn. 9 & 11.[6] Mayers then addresses whether § 2241 habeas jurisdiction survives the enactment of AEDPA, as modified by IIRIRA's transitional rules. Id. at 1297.

The Mayers Court held "that for aliens whose petitions fall within the purview of IIRIRA's transitional rules and who seek review of a final order of

---

[6] Similarly, Richardson II, which was decided after Mayers, also emphasizes that Mayers was decided under IIRIRA's transitional rules rather than the permanent rules applicable in Richardson. See Richardson II, 180 F.3d at 1315 n.6. Therefore, most of IIRIRA's revisions to the INA, including INA § 242(b)(9), relied on in Richardson I and II, did not apply in Mayers. See id.

deportation, AEDPA's elimination of § 106(a)(10)'s grant of habeas jurisdiction does not extend to eliminate the federal habeas jurisdiction previously available under 28 U.S.C. § 2241." Id. at 1301. The Mayers Court stated that "[i]t is important to emphasize . . . that in exercising habeas corpus jurisdiction in this case, we do not decide whether every statutory claim raised by an alien is cognizable on habeas." Id. at 1301. Instead, the Mayers Court addressed its holding only to the exercise of habeas corpus jurisdiction "over the claims of petitioners here on the question of whether AEDPA § 440(d) applies to pending cases to deprive petitioners of the ability to apply for a waiver of deportation under § 212(c)." Id. at 1300-01. The Mayers Court "decline[d] to make a broad statement about the scope of habeas corpus relief available to criminal aliens in IIRIRA transitional cases." Id. at 1301 n.17. The Mayers Court "further note[d] again that our exercise of habeas corpus jurisdiction in this case is informed by the facts that [the petitioners] were unable to obtain any judicial review and are challenging final orders of deportation, not interim discretionary decisions by the INS." Id. at 1301.[7]

---

[7] Similar to Mayers, Richardson II observes that certain factors were crucial to Mayers's decision about the availability of § 2241 habeas relief:

> (1) the aliens [in Mayers] were subject to a final deportation order after BIA review;
> (2) the aliens first had filed a petition for judicial review under the INA in the court
> of appeals before filing a § 2241 petition; and (3) the aliens had been unable to

10

After Mayers, this Court addressed the availability of § 2241 jurisdiction in two more transitional rule cases. See Innab v. Reno, 204 F.3d 1318 (11th Cir. 2000); Alanis-Bustamante v. Reno, 201 F.3d 1303 (11th Cir. 2000). In both cases, the BIA had affirmed the IJ's determination that the alien was statutorily ineligible for waiver of deportation under INA § 212(c) as amended by AEDPA § 440(d), the administrative proceedings were concluded, the alien was subject to a final deportation order, and the alien's § 2241 petition challenged the retroactive application of AEDPA § 440(d) to a § 212(c) request.

There is one feature in Mayers and Innab that is arguably different from Alanis-Bustamante. Before filing their § 2241 petitions, the aliens in both Mayers and Innab had filed a petition for direct review of the BIA's decision which this Court dismissed for lack of jurisdiction. As noted above, Mayers expressly states that the exercise of § 2241 jurisdiction there was informed by the fact that the aliens had sought but been denied judicial review in this Court. 175 F.3d at 1301. The Alanis-Bustamante decision does not indicate that the alien ever filed a petition for direct review of the BIA's decision in this Court or had such a petition dismissed for lack of jurisdiction. However, even if the alien in Alanis-Bustamante

_____

obtain any judicial review whatsoever in the court of appeals.

Richardson II, 180 F.3d at 1316 n.6.

11

had filed a petition for direct review of the BIA's § 212(c) decision, his petition would have faced the same obstacle as the petitions for direct review in <u>Mayers</u> and <u>Innab</u>. Section 309(c)(4)(G) of IIRIRA's transitional rules provides that "there shall be no appeal permitted in the case of an alien who is inadmissible or deportable by reason of having committed [an aggravated felony]." <u>See</u> 8 U.S.C. § 1101, Historical and Statutory Notes (1999). At the time the alien in <u>Alanis-Bustamante</u> would have filed a petition for direct judicial review in this Court, we had not yet decided <u>Lettman v. Reno</u>, 168 F.3d 463 (11th Cir. 1999), <u>vacated in part</u>, 185 F.3d 1216 (11th Cir. 1999).[8] In <u>Lettman</u>, we held for the first time that this restriction in § 309(c)(4)(G) does not bar judicial review in this Court regarding whether the petitioner is an alien or deportable. <u>Id.</u> at 465. <u>Lettman</u> explains that "we have jurisdiction to decide whether we have jurisdiction; but our jurisdiction disappears if [the alien] is deportable." <u>Id.</u> However, prior to <u>Lettman</u>, this Court was dismissing for lack of subject matter jurisdiction such petitions for direct review by aliens deportable due to aggravated felonies in transitional rule cases. For example, in <u>Mayers</u>, we expressly pointed out that this Court had

---

[8] The dismissal of the petition for direct review for lack of subject matter jurisdiction in <u>Innab</u> was on July 16, 1998, prior to <u>Lettman</u>. <u>See Innab</u>, 204 F.3d at 1320. The time period when Alanis-Bustamante would have filed his petition for direct review in this Court was also 1998. <u>See Alanis-Bustamante</u>, 201 F.3d at 1306. The BIA's affirming the denial of § 212(c) relief to Akinwale was in 1997, also well prior to <u>Lettman</u>.

12

dismissed that alien's petition for direct review of the BIA order in an unpublished, two-sentence decision prior to the published decision in Lettman v. Reno, 168 F.3d 463 (11th Cir. 1999). See Mayers, 175 F.3d at 1294 n.6.[9]

In summary, the common threads in Mayers, Alanis-Bustamante, and Innab supporting the exercise of § 2241 jurisdiction are: (1) that IIRIRA's transitional rules apply; (2) that before filing the § 2241 petitions, the alien's administrative proceedings were concluded and the alien was subject to a final deportation order; (3) that the alien's petition for direct review of the BIA's decision was dismissed by this Court for lack of subject matter jurisdiction in the pre-Lettman time period or the alien would likely have faced that same obstacle in filing a petition for direct review in this Court during that same time period before Lettman; and (4) that the

---

[9] For post-Lettman cases, we point out that in Lettman, this Court had to:

> decide whether Section 309(c)(4)(G) prevents appeal (thereby depriving us of jurisdiction) when the BIA decides an alien is deportable or whether we have jurisdiction to decide if an alien is deportable. If the BIA's determination is binding on us, then we must dismiss this appeal. If we can decide whether [the alien] is deportable, then we retain jurisdiction until we conclude he is deportable.

168 F.3d at 464-65. Whether an alien is deportable and whether he should be granted discretionary § 212(c) relief from such deportability are two separate issues. Thus, even post-Lettman aliens may still face a § 309(c)(4)(G) obstacle in seeking review of certain issues regarding the BIA's denial of § 212(c) relief through a petition for direct review in this Court in transitional rule cases. Cf. Galindo Del-Valle v. Attorney General, — F.3d — (11th Cir. May 26, 2000) (involving the judicial review restriction in INA § 242(a)(2)(C), which is similar to § 309(c)(4)(G)). However, that question is not directly before the Court in this appeal, and nothing in this opinion should be construed as suggesting any answer to that question.

alien raised the same statutory issue about the retroactive application of AEDPA §
440(d).  Innab, 204 F.3d at 1320-21; Alanis-Bustamante, 201 F.3d at 1308 n.10 &
1311 n.16; Mayers, 175 F.3d at 1301.[10]

## D.  Jurisdiction over Akinwale's § 2241 Petition

We now apply the principles of these recent decisions to Akinwale's § 2241
petition.  Akinwale's deportation proceedings began in January 1995, and his final
deportation order was not entered until 1997.  Thus, IIRIRA's transitional rules
apply because Akinwale was in deportation proceedings before April 1, 1997, and
received a final order of deportation on or after October 31, 1996.  See IIRIRA §
309(c)(4); Alanis-Bustamante v. Reno, 201 F.3d 1303, 1306-1307 (11th Cir.
2000); Lettman v. Reno, 168 F.3d 463, 464, vacated in part, 185 F.3d 1216 (11th
Cir. 1999).  Akinwale's administrative proceedings are also concluded, and
Akinwale is subject to a final deportation order.  Because the BIA affirmed the
denial of § 212(c) relief to Akinwale in 1997, and that denial was well prior to our
1999 Lettman opinion, Akinwale would likely have faced the same obstacle as the

---

[10] Now that Lettman provides for at least some amount of direct judicial review of certain issues
in this Court regarding the BIA's decision about an alien's deportability, we note that this Court has
not addressed whether a petitioner-alien is required to exhaust his administrative remedies by
appealing those issues to the BIA and then petitioning for direct review in this Court before filing
a § 2241 petition in transitional rule cases.  However, we do not have to answer that question here
because we find that the particular circumstances of this case are more similar to, and thus controlled
by, Mayers, Innab, and Alanis-Bustamante.

petitioner-aliens in <u>Mayers</u>, <u>Innab</u>, and <u>Alanis-Bustamante</u> in filing a petition in this Court for direct review of the BIA's § 212(c) decision.

Finally, Akinwale raises the same issue as the petitioners in <u>Mayers</u>, <u>Alanis-Bustamante</u>, and <u>Innab</u>: the BIA's retroactive application of AEDPA § 440(d) in finding him statutorily ineligible for discretionary relief under § 212(c). <u>See</u> <u>Mayers</u>, 175 F.3d at 1301; <u>Innab</u>, 204 F.3d at 1321; <u>Alanis-Bustamante</u>, 201 F.3d at 1308. Thus, we conclude that the district court had subject matter jurisdiction under § 2241 to review Akinwale's challenge to the BIA's retroactive application of AEDPA § 440(d) to his § 212(c) request. Like the Court in <u>Mayers</u>, in allowing Akinwale to seek habeas review under § 2241, "we do not decide whether every statutory claim raised by an alien is cognizable on habeas." <u>Mayers</u>, 175 F.3d at 1301. We decide only that habeas review is appropriate here because the circumstances in Akinwale's case are virtually identical to those in <u>Mayers</u>, <u>Innab</u>, and <u>Alanis-Bustamante</u>.[11]

---

[11] Akinwale's § 2241 petition appears to challenge only the denial of § 212(c) relief from deportation. However, to the extent that Akinwale seeks review of the determination that he is deportable under the INA, it appears that his claim may possibly be procedurally barred in a § 2241 petition, as the Government contends. Akinwale appealed the denial of § 212(c) relief to the BIA, but failed to appeal the IJ's second deportability determination to the BIA, and thus failed to exhaust his administrative remedies. <u>See</u> <u>Galindo-Del Valle v. Attorney General</u>, — F.3d —, slip op. at 6 (11th Cir. May 26, 2000); <u>Mullen-Cofee v. INS</u>, 976 F.2d 1375, 1380 (11th Cir. 1992), <u>as amended</u>, 986 F.2d 1364 (11th Cir. 1993). The district court is in the best position to resolve this issue in the first instance. Thus, we leave for the district court on remand to determine whether Akinwale is challenging the deportability determination, and if so, whether that challenge is barred by his failure to appeal to the BIA.

Now that we have answered the jurisdictional question, we point out that Mayers also held that AEDPA § 440(d) does not apply retroactively. See Mayers, 175 F.3d at 1304. Thus, for Akinwale, the next issue is whether, even under pre-AEDPA § 212(c), the BIA erred in finding Akinwale statutorily ineligible for this type of relief. There is some indication in the record that the length of time Akinwale has served on his drug-trafficking sentence or the nature of his offense may make him ineligible for § 212(c) relief even under pre-AEDPA law. However, we do not decide this issue. The district court is in the best position to answer this question in the first instance as the case proceeds.

## III. CONCLUSION

Accordingly, we reverse and vacate the district court's April 13, 1999 order dismissing Akinwale's § 2241 petition for lack of subject matter jurisdiction. We remand the case to the district court for further proceedings consistent with this opinion.

**REVERSED, VACATED, AND REMANDED.**