Ivan BOZ, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 99-12234

Non-Argument Calendar.

United States Court of Appeals,

Eleventh Circuit.

Sept. 29, 2000.

Appeal from the United States District Court for the Middle District of Florida.(No. 99-01298-CIV-T-17E), Elizabeth A. Kovachevich, Judge.

Before TJOFLAT, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

Ivan Boz, an alien, filed a habeas corpus petition in which he claimed that his continued and indefinite detention after a final removal order violated his due process rights. The district court held that it lacked jurisdiction to consider Boz's petition. We reverse.

I.    BACKGROUND AND PROCEDURAL HISTORY

Boz, a Bahamian native, entered the United States without inspection in 1983.[1] Boz was convicted in Florida state court in 1995 and again in 1997 of various car theft offenses; the 1997 convictions resulted in a 120-day prison sentence. After Boz served this sentence, the INS took him into custody and began deportation proceedings against him because he had been convicted of a crime involving moral turpitude. *See* 8 U.S.C. §§ 1227(a)(2)(A)(i) (2000). The Immigration Judge ordered Boz removed from the country, and the Board of Immigration Appeals affirmed that order on April 27, 1998.

Boz has remained in custody since some time in 1997 and has been awaiting his removal from the United States since April 1998. In June 1999, more than a year after his removal order had become final, Boz filed a *pro se* petition for writ of habeas corpus in federal district court pursuant to 28 U.S.C. § 2241. In his petition, Boz challenges not the order to remove him from the United States, but rather his indefinite, continued incarceration in the United States. The district court dismissed Boz's petition for lack of subject matter jurisdiction, and Boz appeals.

---

[1]This review of the facts is taken from the briefs because no factual record was presented to the court.

II.    DISCUSSION

The sole question on appeal is whether the District Court had jurisdiction under 28 U.S.C. § 2241 to consider Boz's habeas corpus petition. Although the United States did not contest jurisdiction, the district court concluded that 8 U.S.C. § 1252(g), which limits judicial review of the removal of aliens, foreclosed habeas relief.

Understanding the nature of Boz's petition is essential to our analysis. The district court repeatedly referred to a review of the Petitioner's deportation order,[2] but that is not the relief Boz seeks. Boz accepts the order of removal and petitions only for release from incarceration pending that removal. The INS has not removed Boz in the two years since the order became final, and Boz fears his detention could continue indefinitely.[3]

Congress dramatically amended the law governing judicial review of immigration matters in 1996 through both the Antiterrorism and Effective Death Penalty Act, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA"), and the Illegal Immigration Reform and Immigrant Responsibility Act, Pub.L. No. 104-208, Div. C., 110 Stat. 3009-546 ("IIRIRA"). IIRIRA established transitional provisions applicable to aliens if their removal proceedings began before April 1, 1997, and more complex permanent provisions applicable if removal proceedings began after that date. *See Mayers v. United States Dep't Immigration and Naturalization Serv.,* 175 F.3d 1289, 1293 n. 4 (11th Cir.1999). The INS claims in its brief that it initiated proceedings against Boz in August 1997, *see* Br. for Appellee at 6, but the record itself is silent on when in 1997 the removal proceedings began. Nonetheless, regardless of whether IIRIRA's transitional or permanent provisions apply, we hold that the district court had jurisdiction to consider Boz's habeas corpus petition.

The only statutory provision introduced by IIRIRA that is applicable during the transitional period and that could have limited the availability of habeas jurisdiction was 8 U.S.C. § 1252(g), the provision relied on by the district court in dismissing Boz's petition. This court has held already that aliens can file habeas petitions in district court under the transitional rules, at least as long as the aliens' claims affect "substantive

---

[2]*See* Order at 2, *in* R., Tab 3.

[3]The government claims that it recently authorized Boz's parole upon the posting of a $5,000 bond, and that, because it has granted the relief Boz seeks, his petition is moot. Boz's petition requested *release* from detention, however, not just the option of posting a bond, and the government acknowledges that Boz remains incarcerated. At the very least, we would not deem Boz's petition moot before analyzing the reasonableness of the bail. Because the record on appeal is so limited, we would be unable to perform that analysis even if it were appropriate.

rights that traditionally have been reviewed by courts even in the most restrictive immigration schemes, and where petitioners have no other avenue for relief." *Mayers,* 175 F.3d at 1301 n. 17. Boz's constitutional claims pertaining to his continued detention satisfy these criteria. In addition, the Supreme Court has held that § 1252(g) limits judicial review of only "three discrete actions that the Attorney General may take: her 'decision or action' to 'commence proceedings, adjudicate cases, or execute removal orders.' " *Reno v. American-Arab Anti-Discrimination Comm.,* 525 U.S. 471, 482, 119 S.Ct. 936, 943, 142 L.Ed.2d 940 (1999) (emphasis removed). Boz's petition does not challenge any of those "three discrete actions" and thus falls outside the purview of § 1252(g).

In order to determine the scope of judicial review available under IIRIRA's permanent provisions, we must consider *all* of § 1252, not just § 1252(g). Following the *American-Arab* decision, this court held that, under IIRIRA's permanent provisions, § 1252(g) does not preclude an alien from challenging his detention by the INS. *See Richardson v. Reno,* 180 F.3d 1311, 1314 (11th Cir.1999), *cert. denied,* --- U.S. ----, 120 S.Ct. 1529, 146 L.Ed.2d 345 (2000). The court concluded, however, that the overall judicial review scheme enacted through § 1252, and the "zipper clause" in § 1252(b)(9) in particular, prevented an alien from collaterally challenging his detention before removal proceedings had become final.[4] *Id.* at 1315.

The *Richardson* court based its decision in large part on its interpretation of § 1252's overall purpose, and the petitioner's ability to raise his claims in an appeal of his final removal order assuaged concerns that the court's holding was too restrictive. *See id.* As we recognized in *Richardson,* section 1252 streamlines the judicial review of removal matters. Some portions of § 1252 limit the judicial review available to specific categories of aliens and from specific decisions by the Attorney General. *See, e.g.,* §§ 1252(a)(2) & 1252(e). Section 1252(b) establishes procedural rules for an appeal of final removal orders to the United States Courts of Appeal, and § 1252(b)(9) makes that appeal the exclusive avenue for obtaining review of "all questions of law and fact, including interpretation and application of constitutional and statutory provisions arising from any action taken or proceeding brought to remove an alien from the United States." As interpreted by the *Richardson* court, § 1252(b)(9) covers challenges to detention while removal proceedings are underway, because detention is often "the first step in the removal process." 180 F.3d at 1318. The *Richardson* court determined that Congress did not unconstitutionally suspend the writ of habeas corpus because § 1252 still provided for adequate judicial review of an alien's claims through an appeal of the final removal order. *See*

---

[4]In this case, there is a final removal order.

180 F.3d at 1315-16.

Although the issue in *Richardson* was whether an alien could bring a habeas petition to challenge his detention or removal proceedings while those proceedings were still underway, there is some language in the decision that might suggest aliens could never challenge their continued detention through a habeas petition. *See id.* at 1315 (stating that § 1252 provides "a sufficiently broad and general limitation on federal jurisdiction to preclude § 2241 jurisdiction over challenges to removal orders, removal proceedings, and detention pending removal"). The logic of *Richardson* and the statutory provisions it interprets, however, would not support such a reading.

In his habeas petition, Boz does not raise any issues relating to the removal proceedings against him, and he does not challenge the final order of removal. Rather, he questions his continued incarceration long after his removal order became final. This type of claim cannot be consolidated with an appeal immediately following the removal proceedings because it does not arise until much later. *See* § 1252(b)(1) ("The petition for review must be filed not later than 30 days after the date of the final order of removal"). Thus, the streamlining intended by § 1252 has no application in this context.

Furthermore, because Boz's claim does not arise until after the opportunity for a direct appeal of the removal order, § 1252 provides no judicial forum for his claim. The Supreme Court has noted that a "serious constitutional question ... would arise if a federal statute were construed to deny any judicial forum for a colorable constitutional claim." *Webster v. Doe,* 486 U.S. 592, 603, 108 S.Ct. 2047, 2053, 100 L.Ed.2d 632 (1988). More specifically, because the Constitution forbids the suspension of the writ of habeas corpus, courts, including our own circuit, have acknowledged that foreclosing all judicial review for aliens challenging their detention before removal would raise constitutional concerns,. *See, e.g., Richardson,* 180 F.3d at 1315; *Nguyen v. Fasano,* 84 F.Supp.2d 1099, 1105-06 (S.D.Cal.2000). Our interpretation of IIRIRA preserves the jurisdiction of the federal courts to consider constitutional claims and avoids the difficult Suspension Clause issue altogether.

Other circuits that have addressed the issue before us have agreed that IIRIRA's permanent rules do not eliminate district court's jurisdiction under § 2241 to consider habeas petitions from aliens challenging their continued detention after a removal order has become final. *See Ma v. Reno,* 208 F.3d 815, 818-19 & n. 3 (9th Cir.2000), petition for cert. filed, 69 U.S.L.W. 3086 (U.S. July 5, 2000) (No. 00-38); *Ho v. Greene,* 204 F.3d 1045, 1050-52 (10th Cir.2000); *Zadvydas v. Underdown,* 185 F.3d 279, 285-86 (5th Cir.1999),

petition for cert. filed, --- U.S.L.W. ---- (U.S. Jan. 11, 2000) (No. 99-7791); *cf. Parra v. Perryman,* 172 F.3d 954, 956-57 (7th Cir.1999) (district courts have jurisdiction under § 2241 to consider validity of statute authorizing detention of alien, even when removal proceedings are still underway). Unfortunately, analysis of the merits of aliens' detention claims is not as consistent. Moreover, the record contains no information about the reasons for Boz's continued detention, whether and to what extent the INS periodically has reviewed Boz's case, or the details and reasonableness of the bail. Because the district court has yet to consider the merits of Boz's constitutional claims, and because the record is so limited, we will remand the matter for further proceedings.

III.    CONCLUSION

We REVERSE the district court's holding that it lacked jurisdiction under § 2241 to consider Boz's habeas corpus petition, and we REMAND for further proceedings consistent with this opinion.