[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 16, 2010
JOHN LEY
CLERK

_____

No. 09-13637
Non-Argument Calendar
_____

D. C. Docket No. 08-61008-CV-WPD

DANNY KARAM,

Plaintiff-Appellant,

versus

UNITED STATES CITIZENSHIP & IMMIGRATION SERVICES,
ATTORNEY GENERAL OF THE UNITED STATES,
Eric Holder, Jr.,
SECRETARY DEPARTMENT OF HOMELAND SECURITY,
Janet Napolitano,
ACTING DIRECTOR, UNITED STATES CITIZENSHIP
IMMIGRATION SERVICES,
Jonathan Scharfen,
DIRECTOR FEDERAL BUREAU OF INVESTIGATION,
Robert S. Mueller, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 16, 2010)

Before BARKETT, HULL and KRAVITCH, Circuit Judges.

PER CURIAM:

Danny Karam brought an action in United States District Court seeking review of the denial of his naturalization application and a declaratory judgment that he is entitled to United States citizenship. The district court dismissed this action for lack of subject matter jurisdiction. We affirm.

## I. Background

In 2006, Karam, a citizen of Lebanon, filed an application for naturalization. In December 2008, after learning about a criminal matter from Karam's past, the United States Customs and Immigration Service (USCIS) denied his naturalization application and initiated removal proceedings. After removal proceedings had commenced in January 2009, Karam requested a hearing to appeal the denial of his naturalization application. Before this hearing was held, Karam brought this action.

USCIS filed a motion to dismiss, arguing that the district court did not have subject matter jurisdiction over Karam's complaint because he had not attended a hearing before an immigration officer on the denial of his naturalization application and therefore failed to fully exhaust his administrative remedies. *See* 8 U.S.C. § 1421(c). USCIS also argued that even if the court had subject matter

2

jurisdiction, 8 U.S.C. § 1429 prevented it from ordering Karam's naturalization.[1]

Karam responded that he was not required to exhaust administrative remedies because he had been placed in removal proceedings and a hearing would be futile. Karam further argued that § 1429 prevents only the Attorney General—not a district court—from considering a naturalization application if the applicant is in removal proceedings.

The district court granted USCIS's motion to dismiss, holding that it did not have subject matter jurisdiction because Karam had not exhausted his administrative remedies. The court also stated that it could not have ordered Karam naturalized because he had been placed in removal proceedings. Karam appeals.

## II. Discussion

We must first consider whether we have subject matter jurisdiction. We review a district court's determination of subject matter jurisdiction *de novo*. *Sanchez Jimenez v. U.S. Att'y Gen.*, 492 F.3d 1223, 1231 (11th Cir. 2007).

Karam argues that exhausting his administrative remedies in this case would be futile because USCIS lacks the authority to review his naturalization application

---

[1] In relevant part, Section 1429 states that "no application for naturalization shall be considered by the Attorney General if there is pending against the applicant a removal proceeding pursuant to a warrant of arrest issued under the provisions of this chapter or any other Act."

3

at the hearing while he is in removal proceedings. *See* 8 U.S.C. § 1429. In support, Karam cites caselaw suggesting that a litigant does not have to exhaust administrative remedies that are futile or inadequate. *McCarty v. Madigan*, 503 U.S. 140, 147-48 (1992).

"[W]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). Here, Congress has explicitly stated that a person seeking review of a naturalization application may only seek review in a federal district court "after a hearing before an immigration officer under section 1447(a) of this title." 8 U.S.C. § 1421(c); *see also* 8 C.F.R. § 336.9 (stating that a denial of a naturalization application shall not be subject to judicial review until the applicant has exhausted the administrative remedies available under Section 1421). Thus, we are dealing with a statutory exhaustion requirement, and "[a]lthough judicially developed exhaustion requirements might be waived for discretionary reasons by courts, statutorily created exhaustion requirements bind the parties and the courts. When a statute requires exhaustion, a petitioner's failure to do so deprives us of jurisdiction." *Richardson v. Reno*, 162 F.3d 1338, 1374 (11th Cir. 1998), *vacated and remanded*, 526 U.S. 1142, *reaff'd and reinstated*, 180 F.3d 1311 (11th Cir. 1999).

4

Karam does not dispute that he did not comply with the statutory exhaustion requirements. Thus, the district court properly determined that it did not have subject matter jurisdiction to consider Karam's complaint. Because we are without jurisdiction, we do not reach the question whether we have the power to order Karam naturalized.

Accordingly, the district court's dismissal of Karam's action is

**AFFIRMED.**