# United States Court of Appeals
## For the First Circuit

---

No. 99-1687

SOONDAR MAHADEO,

Petitioner, Appellant,

v.

JANET RENO, STEVE FARQUHARSON, AND DORIS MEISSNER,

Respondents, Appellees.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Richard G. Stearns, U.S. District Judge]

---

Before

Selya, Circuit Judge,
Campbell, Senior Circuit Judge,
and Lipez, Circuit Judge.

---

Lee Gelernt, with whom Allan M. Tow was on brief, for appellant.

Christine A. Bither, Attorney, Office of Immigration Litigation, Civil Division, with whom David W. Ogden, Acting Assistant Attorney General, Civil Division, and Mark A. Walters, Assistant Director, Office of Immigration Litigation, were on brief, for appellees.

September 11, 2000

**LIPEZ, <u>Circuit Judge</u>**. This case requires us to decide whether the permanent rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub. L. No. 104-208, 110 Stat. 3009-546 (1996), repeal the jurisdiction of the federal district courts pursuant to 28 U.S.C. § 2241 to review statutory interpretation and constitutional claims asserted by aliens convicted of one or more crimes specified in the Immigration and Nationality Act ("INA") on a petition for a writ of habeas corpus. We have previously held that the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), and IIRIRA's transition rules eliminated our jurisdiction to review on direct appeal a deportation order entered against an alien convicted of certain crimes, <u>see</u> <u>Goncalves</u> v. <u>Reno</u>, 144 F.3d 110, 117 (1st Cir. 1998) (construing IIRIRA transition rules); <u>Kolster</u> v. <u>INS</u>, 101 F.3d 785, 786 (1st Cir. 1996) (construing AEDPA), but that neither AEDPA nor IIRIRA's transition rules revoked the district courts' historical power pursuant to the general federal habeas corpus statute to review statutory or constitutional challenges to immigration decisions, <u>see</u> <u>Mattis</u> v. <u>Reno</u>, 212 F.3d 31, 35

-2-

n.6 (1st Cir. 2000); Wallace v. Reno, 194 F.3d 279, 285 (1st Cir. 1999); Goncalves, 144 F.3d at 113.  We hold today that IIRIRA's permanent rules likewise do not divest the federal courts of their traditional jurisdiction to grant writs of habeas corpus pursuant to § 2241.

**I.**

A native of Trinidad and Tobago, Soondar Mahadeo immigrated to the United States with his family twenty-six years ago.  In 1984, and again in 1991, Mahadeo was convicted of possession of marijuana with intent to distribute; each conviction constitutes an "aggravated felony" as defined by the INA.  See INA § 101(a)(43)(B); 8 U.S.C. § 1101 (a)(43)(B).[1]  On May 30, 1997, the INS commenced removal proceedings against Mahadeo.  The immigration judge found him removable and ordered him deported.

Mahadeo appealed to the Board of Immigration Appeals ("BIA"), arguing that he was entitled to apply for a discretionary waiver of the removal order pursuant to former INA § 212(c), as it stood before it was amended by AEDPA and

---

[1]    An "aggravated felony" falls in the category of crimes that precludes judicial review under INA § 242(a)(2)(C), AEDPA § 440(a), IIRIRA transition rule § 309(c)(4)(G), and IIRIRA permanent rule § 304(a), which adds new INA § 240A. We refer to the aliens whose convictions place them within this category, see infra note 4, variously as "criminal aliens," or "aliens with a criminal conviction."

-3-

repealed by IIRIRA.[2]  In particular, he argued that denying him access to former INA § 212(c) would violate the presumption against retroactivity in statutory interpretation because his convictions pre-dated the enactment of AEDPA and IIRIRA.  In the alternative, Mahadeo asserted that retroactive application of IIRIRA's repeal of § 212(c) relief would be unconstitutional.  The BIA rejected Mahadeo's arguments.

Mahadeo then petitioned the district court for habeas corpus relief pursuant to 28 U.S.C. § 2241, contending that the

---

[2]     Before AEDPA amended § 212(c) in 1996, it provided in relevant part:

> Aliens lawfully admitted for permanent residence . . . who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General. . . . The first sentence of this subsection shall not apply to an alien who has been convicted of one or more aggravated felonies and has served for such felony or felonies a term of imprisonment of at least 5 years.

Codified at 8 U.S.C. § 1182(c) (1995).  The second sentence does not apply to Mahadeo because he did not serve five years for either of his felony convictions.  Despite the literal language of § 212(c), which speaks only of aliens "returning," it had been construed to apply not only to aliens seeking discretionary relief from exclusion, but also to aliens, like Mahadeo, seeking discretionary relief from deportation.  See Joseph v. INS, 909 F.2d 605, 606 n.1 (1st Cir. 1990); Francis v. INS, 532 F.2d 268, 273 (2d Cir. 1976). IIRIRA's permanent rules repeal § 212(c) entirely, replacing it with a new discretionary relief provision, see IIRIRA § 304(a) (adding INA § 240A, codified at 8 U.S.C. § 1229b (authorizing the INS to "cancel" removal in certain circumstances, but not when an alien has been convicted of an "aggravated felony")).

-4-

BIA erred in concluding that it lacked the authority to consider his request for discretionary relief pursuant to former INA § 212(c). He reiterated both his constitutional arguments and his statutory interpretation challenge premised on the presumption against retroactivity. The district court did not address the merits of Mahadeo's petition because it concluded that IIRIRA's permanent rules revoked the subject matter jurisdiction of federal district courts to entertain § 2241 petitions brought by aliens seeking review of immigration proceedings. Mahadeo now appeals.

## II.

Although the parties agree that IIRIRA's permanent rules govern Mahadeo's removal proceedings, we think it is useful for the analysis that follows to explain why that is so. Congress enacted AEPDA in April 1996. Among other things, AEDPA expanded the category of criminal convictions that would render an alien ineligible to apply for § 212(c) discretionary relief.[3]

---

[3] AEDPA § 440 replaced the prohibition on discretionary relief for aliens "convicted of one or more aggravated felonies," with a prohibition on such relief for aliens "deportable by reason of having committed any criminal offense covered in section 241(a)(2)(A)(iii) [aggravated felony], (B)[controlled substance], (C)[certain firearm offenses], or (D) [miscellaneous national security or defense crimes], or any offense covered by section 241(a)(2)(A)(ii) [multiple criminal convictions] for which both predicate offenses are covered by section 241(a)(2)(A)(i) [crimes of moral turpitide]." In Almon v. Reno, 192 F.3d 28, 30-31 (1st Cir. 1999), we concluded that

Significantly, for criminal aliens like Mahadeo, AEDPA § 440(d) made all "aggravated felons" ineligible for relief, even if the alien had not been required to serve a "term of imprisonment of at least 5 years." Compare INA § 212(c) (1995) (pre-AEDPA) with INA § 212(c), 8 U.S.C. § 1182(c) (1997) (post-AEDPA). Just a few months after Congress enacted AEDPA, it enacted IIRIRA, altering the immigration laws yet again. IIRIRA's permanent rules repealed former INA § 212(c) and created a new form of discretionary relief, "cancellation of removal." See IIRIRA § 304 (adding new INA § 240A, codified at 8 U.S.C.A. § 1229b (West Supp. 1998)). "Cancellation," like § 212(c) relief both before and after AEDPA's amendments, is not available to aliens whose criminal convictions qualify as "aggravated felonies." See IIRIRA § 304(a). Like the AEDPA amendments, the "cancellation" provision continues to make all aggravated felons ineligible for discretionary relief, irrespective of whether the alien was required to serve five years in prison.[4] Having been convicted of an aggravated felony, Mahadeo is ineligible for cancellation of removal.

---

§ 440(d)'s limitation on access to discretionary relief for "deportable," but not "excludable," aliens did not violate equal protection.

[4] In addition, both AEDPA and IIRIRA expanded the definition of "aggravated felony" to encompass more crimes. See AEDPA § 440(e); IIRIRA § 321.

IIRIRA provided for a phase-in period during which deportation proceedings would be governed by transition rules. See IIRIRA § 309(c)(4). The transition rules treat aliens as subject to the judicial review provisions contained in former INA § 106, 8 U.S.C. § 1105a (1994), as modified by AEDPA, but not as further modified by IIRIRA except for certain transitional changes, see IIRIRA §§ 309(a), 309(c)(1), 309(c)(4); see also Wallace, 194 F.3d at 283; Prado v. Reno, 198 F.3d 286, 288 n.2 (1st Cir. 1999). One IIRIRA rule included in the transition regime was new INA § 242(g), see IIRIRA § 306(c), which strips courts of jurisdiction to review certain immigration actions except as provided in INA § 242, 8 U.S.C. § 1252. See Reno v. American Arab Anti-Discrimination Comm., 525 U.S. 471, 482 (1999). Significantly for the jurisdictional issue in this case, IIRIRA's permanent rules add to INA § 242(g) several new jurisdiction-stripping provisions. See INA § 242(a)(1) (providing that "review of a final order of removal . . . is governed only by [the Administrative Procedures Act ("APA")]"); INA § 242(b)(9) (consolidating judicial review of immigration decisions in INA § 242); INA § 242(a)(2)(C) (limiting the availability of judicial review for aliens ordered removed for specified categories of criminal convictions).

IIRIRA's transition rules apply to deportation

proceedings commenced before April 1, 1997; proceedings commenced on or after that date are governed by IIRIRA's permanent rules.  See Prado, 198 F.3d at 288 n.2; IIRIRA § 309(a).  Although Mahadeo's convictions occurred in 1984 and 1996, prior to the enactment of AEDPA and IIRIRA, the INS did not commence removal proceedings against him until May 30, 1997.  Consequently, IIRIRA's permanent rules govern his removal proceeding.

## III.

In Goncalves v. Reno, we held that, although AEDPA and IIRIRA's transition rules "divested the United States Courts of Appeals of their former statutory jurisdiction" to hear claims brought by aliens seeking discretionary relief from deportation, "Congress neither explicitly nor by implication repealed the grant of jurisdiction in 28 U.S.C. § 2241 to issue writs of habeas corpus to persons in federal custody which the federal district courts have had since 1789 and which has always been available in immigration cases." 144 F.3d at 113 (emphasis added).[5]  After carefully analyzing the provisions of the

---

[5]    Since we decided Goncalves, nine other circuits have agreed that IIRIRA's transition rules do not repeal access to § 2241 habeas relief for aliens seeking review of legal or constitutional questions raised by immigration proceedings. See Wallace, 194 F.3d at 285 n.6 (collecting cases from the Second, Third, Fifth, Sixth, Eight, Tenth, and Eleventh Circuits); Magana-Pizano v. INS, 200 F.3d 603 (9th Cir. 1999); Bowrin v.

permanent rules relied upon by the Attorney General, we conclude that our holding in Goncalves controls here. As a criminal alien, Mahadeo was precluded by IIRIRA from obtaining judicial review in the court of appeals of the BIA's determination that he was ineligible for a discretionary waiver pursuant to former INA § 212(c). See INA § 242(a)(2)(C). Mahadeo's only avenue for relief, therefore, was to petition for a writ of habeas corpus. Although the jurisdiction-stripping provisions in the permanent rules are more numerous than those contained in the transition rules, IIRIRA's permanent rules--like the transition rules--lack the kind of explicit language Congress must use if it wants to repeal the availability of § 2241.[6]

### A. Availability of Review Under INA § 242

---

INS, 194 F.3d 483 (4th Cir. 1999). But see La Guerre v. Reno, 164 F.3d 1035 (7th Cir. 1998).

[6] Because Mahadeo's petition asserts purely statutory interpretation and constitutional questions, it falls squarely within with ambit of § 2241's jurisdictional grant. As the plain language makes clear, § 2241 "contemplates challenges based on the 'Constitution or laws or treaties of the United States,'" See Goncalves, 144 F.3d at 123-24 (quoting 28 U.S.C. § 2241(c)(3)); see also Wallace, 194 F.3d at 284 (observing that § 2241 provides "a general grant of authority to issue habeas writs for persons held in violation of the Constitution or laws, unless such jurisdiction has been limited or withdrawn by Congress"). Although Goncalves left for future cases "the task of defining the precise limit of the jurisdiction under 28 U.S.C. § 2241 in immigration cases," we held that the scope of § 2241 review extends to both constitutional and statutory interpretation questions. Id. at 125.

The Attorney General argues that Mahadeo's sole avenue for review of his statutory and constitutional challenges to the BIA decision is new INA § 242, the judicial review provisions enacted as part of IIRIRA's permanent rules. For criminal aliens like Mahadeo, however, judicial review by the courts of appeal pursuant to INA § 242 is unavailable. INA § 242(a)(2)(C), enacted as part of IIRIRA's permanent rules, provides:

> Notwithstanding any other provision of law, no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section . . . 1227(a)(2)(A)(iii) [aggravated felony] of this title . . . .

We found similar provisions included in AEDPA[7] and IIRIRA's transition rules[8] to preclude access to appellate review for

---

[7] Section 440(a) of AEDPA provides:

(a) JUDICIAL REVIEW.--Section 106 of the Immigration and Nationality Act (8 U.S.C. 1105a(a)(10)) is amended to read as follows: "(10) Any final order of deportation against an alien who is deportable by reason of having committed a criminal offense covered in section 241(a)(2) (A)(iii), (B), (C), or (D), or any offense covered by section 241(a)(2)(A)(ii) for which both predicate offenses are covered by section 241(a)(2)(A)(i), shall not be subject to review by any court.".

[8] IIRIRA § 309(c)(4)(G) provides:

[N]otwithstanding any provision of section

criminal aliens. See Goncalves, 144 F.3d at 117 (construing IIRIRA transition rule § 309(c)(4)(G)); Kolster v. INS, 101 F.3d 785, 786 (1st Cir. 1996) (construing AEDPA § 440(a)). A plain reading of § 242(a)(2)(C) suggests the same result. The phrase, "no court shall have jurisdiction to review," is functionally indistinguishable from "shall not be subject to review by any court," the language in AEDPA § 440(a) that we previously found to preclude direct appeal to the circuit courts, see Kolster, 101 F.3d at 786, and not unlike, "no appeal permitted," the language in § 309(c)(4)(G) of IIRIRA's transition rules that we also found preclusive, see Goncalves, 144 F.3d at 117-18. Because IIRIRA's permanent rules prevent Mahadeo from bringing a direct appeal to this court, therefore, his only remaining alternative is to file for a writ of habeas corpus in the district court.[9]

---

106 of the Immigration an Nationality Act . . . to the contrary--

            * * *

There shall be no appeal permitted in the case of an alien who is inadmissible or deportable by reason of having committed a criminal offense covered in . . . section 241(a)(2)(A)(iii) [aggravated felony] . . . of the Immigration and Nationality Act [as codified at 8 U.S.C. § 1227(a)(2)(A)(iii)] . . . .

[9] In Goncalves, the Attorney General claimed that notwithstanding the plain language of INA § 242(a)(2)(C),

-11-

The Attorney General responds that, notwithstanding § 242(a)(2)(C)'s jurisdictional bar, several types of judicial review remain available to Mahadeo. According to the Attorney General, "[t]he court of appeals can review the petition of a criminal alien subject to § 242(a)(2)(C) who raises a substantial constitutional claim." She also urges that "the Court has jurisdiction to determine its own jurisdiction"--that is, "a court of appeals has jurisdiction to determine (i) if the petitioner is an alien, (ii) if he is removable; and (iii) if he is removable because of a conviction for a qualifying crime." She clarifies, however, that "[o]nce the Court has determined that a petitioner is an alien who has been ordered removed for a qualifying criminal conviction[,] it lacks jurisdiction to review any other challenge that the petitioner might raise to his removal proceedings."

The Attorney General's position is similar to the position she took in Goncalves. There, she suggested that this court could review substantial constitutional claims and determine whether the alien had, in fact, been convicted of the type of crime that invokes the statutory bar to judicial review.

---

judicial review by the court of appeals was required by INA § 242(g). See 144 F.3d at 117-18. We rejected the notion there that § 242(g) provides an affirmative grant of jurisdiction for the courts of appeals to hear appeals of criminal aliens that are otherwise precluded. See id.

See Goncalves, 144 F.3d at 118-19. Because we concluded that Congress had not repealed access to habeas relief under § 2241, we took no position on whether or to what extent the Constitution might require IIRIRA to preserve jurisdiction over some types of questions absent the ability to raise such questions in a habeas petition. See id. at 118 n.8. We did observe, however, that "IIRIRA itself makes no provisions for . . . review as to [criminal] aliens." Id. at 119. Other courts are divided on whether and to what extent to read IIRIRA's jurisdictional bar on judicial review as containing inherent exceptions for certain types of claims. Compare Liang v. INS, 206 F.3d 308, 322 (3d Cir. 2000) (declining to find exceptions); with Flores-Miramontes v. INS, 212 F.3d 1133, 1135 (9th Cir. 2000) (concluding that § 242(a)(2)(C) permits review over only the narrow question of whether the alien is removable by reason of having been convicted of one of the enumerated offenses); and with Richardson v. Reno, 180 F.3d 1311, 1316 n.5 (11th Cir. 1999) (construing § 242(a)(2)(C) as allowing judicial review over not only the statutory predicates to removal, but also statutory interpretation and constitutional questions).

We agree that § 242(a)(2)(C) would not preclude us from reviewing that provision's applicability to Mahadeo--i.e., whether Mahadeo is an alien, removable, and removable because of

a conviction for a qualifying crime. See Fierro v. Reno, 217 F.3d 1, 3 (1st Cir. 2000) ("This court's authority to review removal orders based on an aliens's commission of an aggravated felony has recently been restricted, 8 U.S.C. § 1252(a)(2)(C) . . . , but this does not bar  Fierro's claim on review that he is a citizen rather than an alien . . . ."); see also Maghsoudi v. INS, 181 F.3d 8, 13 (1st Cir. 1999) (asserting jurisdiction to determine whether alien's criminal convictions precluded review of his immigration proceedings under IIRIRA transition rule § 309(c)(4)(G)).  The availability of review on these limited threshold issues is of little moment to Mahadeo, however, because the crux of his petition is a challenge to the BIA's interpretation of IIRIRA as precluding discretionary relief, not a challenge to the applicability of § 242(a)(2)(C).

We need not address many of the other issues that the parties attempt to raise because we conclude that habeas jurisdiction remains available to Mahadeo, in conformity with our preference stated in Goncalves for grounding jurisdiction "directly on [the] statutory authority" found in § 2241.  See Goncalves, 144 F.3d at 119.  Our conclusion that IIRIRA does not repeal the availability of § 2241 relief in immigration cases also avoids the "serious, novel, and complex" constitutional concerns raised by the elimination of aliens' historic access to

general federal habeas corpus jurisdiction when no other judicial review remains.[10] See Henderson v. INS, 157 F.3d 106, 119 (2d Cir. 1998); Goncalves, 144 F.3d at 122; see also Kolster, 101 F.3d at 786 (emphasizing that AEDPA's restrictions on judicial review "do[] not offend the Constitution," because "at least the habeas corpus review provided by the Constitution remains available to aliens"). But see Richardson v. Reno, 180 F.3d 1311, 1315 (11th Cir. 1999) (holding that IIRIRA limits habeas review and that such limitations are constitutional). As we demonstrate below, we are able to avoid these serious constitutional concerns because we conclude that IIRIRA's permanent rules lack the clear statement of the congressional intent necessary to eliminate habeas review. Cf. Edward J. DeBartolo Corp. v. Florida Gulf Coast Bldg. & Constr. Trades Council, 485 U.S. 568, 575 (1988) (court must adopt reasonable interpretation of statute when necessary to avoid serious constitutional problems).

**B. Congress's Intent to Repeal Habeas Jurisdiction**

Relying on the Supreme Court's decisions in Felker v.

---

[10] We gratefully acknowledge briefing from amicus curiae, professors from a number of law schools, on the constitutionality of construing IIRIRA to repeal the availability of § 2241 habeas jurisdiction for aliens petitioning for review of statutory and constitutional challenges to their removal proceedings.

<u>Turpin</u>, 518 U.S. 651 (1996), and <u>Ex Parte Yerger</u>, 75 U.S. (8 Wall.) 85 (1869), we held in <u>Goncalves</u> that "any repeal of the federal courts' historic habeas jurisdiction . . . must be explicit and make express reference specifically to the statute granting jurisdiction." 144 F.3d at 120. That is, we will not conclude that Congress intended to repeal the availability of § 2241 "merely by implication." <u>Id.</u> at 119. Our task in the instant case, therefore, is to discern whether Congress has legislated in IIRIRA with the explicitness necessary to divest the federal courts of § 2241 habeas jurisdiction.

The Attorney General relies upon several specific provisions in INA § 242. She insists that these provisions individually, and viewed in their "entirety," make clear Congress's intent that, under IIRIRA's permanent rules, judicial review for aliens like Mahadeo is available, if at all, only pursuant to INA § 242.

First, the Attorney General directs our attention to § 242(g), a provision that was effective under IIRIRA's transition rules, and which we determined previously did not repeal the availability of habeas jurisdiction. <u>See</u> <u>Goncalves</u>, 144 F.3d at 122.[11] Section 242(g) provides:

_____

[11] Although the scope of § 242(g) was narrowed by a subsequent Supreme Court decision, <u>see</u> <u>Reno</u> v. <u>American Arab Anti-Discrimination Comm.</u>, 525 U.S. 471, 482 (1999) (holding

-16-

> EXCLUSIVE JURISDICTION. Except as provided in this section [INA § 242] and notwithstanding any other provision of law, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

Although we characterized the "notwithstanding" clause as "sweeping," we concluded that it does not contain an express intent to repeal the availability of § 2241. See Goncalves, 144 F.3d at 122. We find no warrant for a different conclusion now. As we noted in Goncalves, to read § 242(g) as prohibiting all review of immigration cases except as available under § 242 would lead to the "enormous consequence[]" of precluding review under the judicial review provisions contained in old INA § 106, a result that would "clearly conflict" with Congress's intent to preserve review in the transition period under old INA § 106. See id. (noting that without access to old INA § 106, aliens whose proceedings were governed by IIRIRA's transition rules would be entirely without access to judicial review since the judicial review prescribed by INA § 242 only took effect with IIRIRA's permanent rules). If § 242(g)'s "sweeping" language

---

that by its own terms § 242(g) applied only to "three discrete actions"--a decision or action to (i) commence proceedings, (ii) adjudicate cases, or (iii) execute removal orders), we had assumed in Goncalves that it governed judicial review of the claim asserted in that case.

does not repeal judicial review under old INA § 106, it is difficult to see how it repeals the availability of "so significant a provision as the general habeas statute." Flores-Miramontes, 212 F.3d at 1138.

Second, the Attorney General draws our attention to INA § 242(a)(1), which provides that "[j]udicial review of a final order of removal . . . is governed only by [the APA]." The APA, in turn, vests courts of appeals with "exclusive jurisdiction" to review certain agency orders. See 28 U.S.C. §§ 2341-2351. She also points to INA § 242(b)(9):

> Judicial review of all questions of law or fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section.

She urges that these provisions read in conjunction channel "judicial review" of all questions relating to immigration proceedings into the APA. Neither § 242(a)(1) nor § 242(b)(9), however, contains an express reference to § 2241. Indeed, both provisions speak only of "judicial review." "'Judicial review' and 'habeas corpus' have important and distinct technical meanings in the immigration context." Flores-Miramontes, 212 F.3d at 1140 (citing Sandoval v. Reno, 166 F.3d 225, 235 (3d Cir. 1999)). "[I]n the immigration context, the Court has

-18-

historically drawn a sharp distinction between 'judicial review'--meaning APA review--and the courts' power to entertain petitions for writs of habeas corpus."  Sandoval, 166 F.3d at 235;  see also Heikkila v. Barber, 345 U.S. 229, 235 (1953) (noting that a statute that eliminated judicial review over immigration proceedings to the maximum extent permissible under the Constitution did not eliminate habeas corpus); Liang, 206 F.3d at 320; Jurado-Gutierrez v. Greene, 190 F.3d 1135, 1146 (10th Cir. 1999).  We read "judicial review" to mean access to review under the APA, rather than access to a petition for habeas corpus pursuant to 28 U.S.C. § 2241.

The Attorney General contends that in Reno v. American Arab Anti-Discrimination Comm., 525 U.S. 471 (1999), the Supreme Court construed INA § 242--and especially § 242(b)(9)--to require that all review of immigration proceedings be channeled through § 242 and the APA, precluding habeas relief.  In American-Arab, the Court held that INA § 242(g) deprived the federal courts of subject matter jurisdiction to entertain a direct appeal brought by an alien claiming that he had been selectively chosen for deportation in violation of the Constitution. See id. at 482-83.  Although the principal focus was on § 242(g), the Court also stated that § 242(b)(9) is an "unmistakable 'zipper' clause" that "channels judicial review of

-19-

all [decisions and actions.]"  See id.  Relying on American-Arab, the district court ruled that it was "compelled" to dismiss Mahadeo's habeas petition for lack of jurisdiction because, to the extent he sought to declare the removal order contrary to the law, his claim was barred by the INA's "zipper clause," § 242(b)(9).  See Mahadeo v. Reno, 52 F. Supp. 2d 203, 204 (D. Mass. 1999).

Both the district court and the Attorney General read American-Arab too broadly.  As we stated recently: "nothing in American-Arab directly precludes deportees governed by the IIRIRA's transition rules from challenging their final deportation orders through habeas where they have no other way to assert in court that their deportation is contrary to the Constitution or laws of the United States."  Wallace v. Reno, 194 F.3d 279, 286 (1st Cir. 1999).  Our reason for declining to find that American-Arab disturbed habeas jurisdiction was simple: American-Arab "was concerned with a different issue"--namely, whether the court had the subject matter jurisdiction pursuant to 28 U.S.C. § 1331 to hear the case on direct appeal. Wallace, 194 F.3d at 283.  Nothing in American-Arab, therefore, alters the rule announced in Felker and followed in Goncalves that repeal of § 2241 habeas jurisdiction can be achieved only

-20-

by an express reference to that statute.  See id.[12]

Our conclusion that § 242(b)(9) does not affect jurisdiction under § 2241 is consistent with the Supreme Court's description of § 242(b)(9) as a "zipper clause."  Section 242(b)(9) is entitled "Consolidation of questions for judicial review."  It is a "zipper clause" in the sense that it consolidates or "zips" "judicial review" of immigration proceedings into one action in the court of appeals.  See Flores-Miramontes, 212 F.3d at 1140 (clarifying that before § 242(b)(9), some direct appeals from immigration proceedings were in the courts of appeals, while others were in the district courts).  Section 242(b)(9) applies only "with respect to review of an order of removal under subsection (a)(1)," and review under subsection (a)(1), in turn, occurs only under "chapter 158 of Title 28, [the APA]."  Id.  Although the APA governs judicial review of certain agency actions, it does not govern habeas proceedings brought under § 2241.  See id.  It follows that § 242(b)(9) "does not apply to actions brought in habeas corpus, and certainly does not serve to repeal in whole or in part the

---

[12]    Indeed, American-Arab noted that the habeas issue was before the circuit courts and, a few days after issuing American-Arab, the Supreme Court denied certiorari in Goncalves, see Reno v. Pereira Goncalves, 526 U.S. 1004 (1999), and the Second Circuit's decision in Henderson, see Navas v. Reno, 526 U.S. 1004 (1999).

-21-

general habeas statute." Id. But see Richardson v. Reno, 180 F.3d 1311, 1315 (11th Cir. 1999) (holding that "the 'unmistakable zipper clause' of INA § 242(b)(9), along with the overall revisions to the judicial review scheme enacted by INA § 242 et seq., constitute a sufficiently broad and general limitation on federal jurisdiction to preclude § 2241 jurisdiction over challenges to removal orders").

Third, the Attorney General also contends that the aforementioned bar on judicial review for criminal aliens, § 242(a)(2)(C), repeals habeas jurisdiction--and indeed all judicial review for criminal aliens like Mahadeo (except for the narrow categories discussed above). We disagree.

Section 242(a)(2)(C) provides that:

> [n]otwithstanding any other provision of law, no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in . . . 1227(a)(2)(A)(iii) [aggravated felony] of this title.

This provision is similar to its predecessor under IIRIRA's transition rules, which stated:

> [N]otwithstanding any provision of section 106 of the Immigration and Nationality Act . . . to the contrary--
>
> * * *
>
> there shall be no appeal permitted in the case of an alien who is . . . deportable by

-22-

> reason of having committed [certain] criminal offense[s] . . . .

IIRIRA § 309(c)(4). Neither § 309(c)(4) nor § 242(a)(2)(C) contain an express reference to § 2241. In Goncalves, we found the phrase, "shall be no appeal permitted," indistinguishable from the limiting language in AEDPA, "shall not be appealable," which the Supreme Court held in Felker to lack the explicitness necessary to repeal habeas jurisdiction. See 144 F.3d at 120-21.[13] We concluded, therefore, that § 309(c)(4) merely restricts one avenue of relief--an appeal under the APA--but does not abrogate habeas jurisdiction. See id. We fail to see how INA § 242(a)(2)(C)'s limitation, "no court shall have jurisdiction to review," is significantly more explicit with respect to the elimination of habeas relief than the analogous bar on judicial review for criminal aliens in IIRIRA § 309(c)(4). The prohibition contained in § 242(a)(2)(C) on "review" of "any final order" is, in one sense, not even as broad as the prohibition in § 242(g) on "jurisdiction to hear any cause or claim" that we previously held to be inadequate to repeal habeas jurisdiction. See Goncalves, 144 F.3d at 122; see also Flores-

_____

[13] The AEDPA provision addressed in Felker provided that "[t]he grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable." AEDPA § 106(b), codified at 28 U.S.C. § 2244(b)(3)(E).

-23-

<u>Miramontes</u>, 212 F.3d at 1137. <u>But see</u> <u>Max-George</u> v. <u>Reno</u>, 205 F.3d 194, 199 (5th Cir. 2000) (holding that § 242(a)(2)(C) eliminates § 2241 habeas jurisdiction for those cases that fall within its scope).

Finally, the Attorney General attempts to distinguish this case from <u>Goncalves</u> by insisting that § 242, viewed in its entirety, conveys an intent to make its provisions the exclusive avenue for judicial review of immigration proceedings. That reasoning, however, would turn <u>Felker</u> on its head by "requir[ing] a specific reference to § 2241 to preserve such jurisdiction, rather than a specific reference to abolish it." <u>Goncalves</u>, 144 F.3d at 122. In <u>Goncalves</u>, we explicitly declined the Attorney General's invitation to find that in applying the APA to immigration decisions, Congress intended to create an exclusive forum for immigration appeals, thereby eliminating habeas jurisdiction. <u>See</u> <u>id.</u> (explaining that former INA § 106 made immigration decisions appealable under the APA). We emphasized that to infer an intent to repeal the availability of § 2241 from "Congress' decision to make available another avenue for judicial review" was "precisely what <u>Felker</u> and <u>Ex parte Yerger</u> do not permit." <u>Id.</u> at 120. The existence of "another available avenue for judicial review" is simply insufficient to communicate an intent to repeal habeas

-24-

jurisdiction.  See id. at 120.

Most decisively, none of the provisions relied upon by the Attorney General contain the kind of "express reference" to § 2241 habeas jurisdiction required by Goncalves and Felker. Absent explicit language repealing the availability of § 2241, we are not at liberty to reach a result different than Goncalves.  It is axiomatic that a panel of this court cannot overrule a prior panel, see Wallace, 194 F.3d at 283.  Moreover, Congress has shown in enacting IRRIRA that it knows how to use explicit language when it intends to place limitations on judicial review under particular statutes.  See Goncalves, 144 F.3d at 121 ("IIRIRA contains numerous provisions restricting or altering various avenues for judicial review, but in none of these provisions does IIRIRA mention § 2241.").  For example, IIRIRA § 306, which enacts new INA § 242, contains provisions that refer specifically to the judicial review provision of the APA and the Declaratory Judgment Act.  See id.  Yet, IIRIRA's permanent rules do not mention habeas corpus jurisdiction under § 2241.  The lack of any express reference to § 2241 is particularly revealing because the Supreme Court decided Felker just three months before IIRIRA was enacted, placing Congress on notice that any repeal of § 2241 jurisdiction requires an express reference to that statute.

-25-

To be sure, the permanent rules do not <u>affirmatively</u> <u>authorize</u> habeas review under § 2241. But an affirmative authorization has never been deemed necessary. Even when limited habeas review was available pursuant to old INA § 106(a)(10), it was well-recognized that this alternative basis for seeking a writ of habeas corpus did not "supplant[] the general federal habeas statute." <u>Flores-Miramontes</u>, 212 F.3d at 1138-39 (citing <u>Foti</u> v. <u>INS</u>, 375 U.S. 217, 231 (1963)); <u>see</u> <u>Goncalves</u>, 144 F.3d at 121 (noting that in AEDPA § 401(e), Congress expressly repealed former INA § 106(a)(10)'s authorization that "any alien held in custody pursuant to an order of deportation may obtain judicial review thereof by habeas corpus proceedings"). Although § 2241 and § 106(a)(10) were independent bases for habeas review, Congress repealed only § 106(a)(10), creating the basis for an inference that Congress intended § 2241 to remain available.[14]

In short, IIRIRA's permanent rules--like the transitional rules before them--lack a clear statement of intent to repeal § 2241 jurisdiction. The district court, therefore,

---

[14] Because jurisdiction under § 2241 for aliens does not depend on any statutory provision of the INA, we do not read IIRIRA's express authorization of certain limited habeas corpus review for determinations made under INA § 235(b)(1) (dealing with screening aliens for admission and claims for asylum) as evidence of an intent to repeal the availability of § 2241.

erred in dismissing Mahadeo's habeas corpus petition for want of subject matter jurisdiction.

## IV.

In his habeas petition, Mahadeo asserts his right to apply to the BIA for a discretionary waiver of the removal order pursuant to the pre-AEDPA version of INA § 212(c). In particular, he asserts that the presumption against retroactivity in statutory interpretation requires IIRIRA to be construed as preserving the availability of pre-AEDPA INA § 212(c) relief for aliens whose criminal convictions pre-dated the enactment of AEDPA and IIRIRA. Alternatively, he asserts that denying him access to relief under pre-AEDPA INA § 212(c) would be unconstitutional. The district court did not reach these issues because it concluded that it lacked jurisdiction to entertain the habeas petition.

On appeal, Mahadeo argued in his initial brief only constitutional grounds for his entitlement to the availability of section 212(c) relief. Not surprisingly, the Attorney General responded in her brief only to these constitutional claims. In his reply brief, however, Mahadeo took a different approach, stating that his principal claim to the continuing availability of section 212(c) relief is "a statutory retroactivity challenge--that the repeal of section 212(c) does

not apply to cases where, as here, the criminal conduct and conviction (by plea) occurred before passage of the 1996 amendments." Not surprisingly, the government insisted at oral argument that this statutory retroactivity challenge cannot be raised for the first time in a reply brief.

We agree. So, apparently, does Mahadeo, who focuses in his reply brief on the availability of § 2241 jurisdiction in the district court and asks for the opportunity to develop there his statutory and constitutional arguments about the continuing availability of § 212(c) relief. Specifically, he requests the following:

> If this court concludes that the district court had habeas jurisdiction to review Mr. Mahadeo's statutory and constitutional claims, Mr. Mahadeo respectfully requests that the court remand his case to allow him to develop those claims in the district court in the first instance and to brief them fully in light of this court's intervening retroactivity decision in Mattis v. Reno, 2000 WL 554957 (1st Cir. May 8, 2000).

In the peculiar circumstances of this case, this approach makes sense. Given the district court's decision to dismiss Mahadeo's habeas petition for lack of subject matter jurisdiction, it never addressed his claim on the merits about the continuing availability of section 212(c) relief. We have concluded that this opinion was wrong, and that the district court should have

addressed the statutory and constitutional claims raised in Mahadeo's petition.  We now remand for that purpose.

**<u>Judgment vacated.  Remanded to the district court for further proceedings consistent with this decision.</u>**