[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

No. 01-2243

AHMET DIABATE,

Petitioner, Appellant,

v.

IMMIGRATION AND NATURALIZATION SERVICE,

Respondent, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Reginald C. Lindsay, U.S. District Judge]

Before

Selya, Circuit Judge,
Campbell, Senior Circuit Judge,
and Lynch, Circuit Judge.

Ahmet Diabate on brief pro se.
Robert D. McCallum, Jr., Assistant Attorney General, Terri J. Scadron, Senior Litigation Counsel, and Lyle D. Jentzer, Attorney, Office of Immigration Litigation, on brief for appellee.

April 3, 2002

**Per Curiam**. Ahmet Diabate, a native and citizen of Guinea, appeals the district court's dismissal of the petition he filed for a writ of habeas corpus under 28 U.S.C. § 2241. An Immigration Judge found Diabate removable on account of his conviction of an aggravated felony, pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii), but granted his application for withholding of removal under 8 U.S.C. § 1231(b)(3). Diabate's § 2241 petition alleged that his due process rights were violated during the INS's appeal to the Board of Immigration Appeals ("BIA") because he was never provided a copy of the transcripts of the proceedings before the Immigration Judge. Diabate also challenges the BIA's denial of withholding of removal, claiming that he established his eligibility for that relief as a matter of law.

Although the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA) eliminated judicial review of final removal orders based on an alien's status as an aggravated felon, federal courts "retain subject matter jurisdiction over [§ 2241] habeas petitions brought by aliens facing removal to the extent those petitions are based on colorable claims of legal error, that is, colorable claims that an alien's statutory or constitutional rights have been violated." Carranza v. INS, 277 F.3d 65, 71 (1st Cir. 2002); see INS v. St. Cyr, 533 U.S. 289, 314 n.38 (2001); Mahadeo v. Reno, 226 F.3d 3, 8 (1st Cir. 2000), cert. denied, 121 S.Ct. 2590 (2001).

Accordingly, Diabate's due process claim was within the scope of § 2241 review. However, since Diabate's brief to the BIA did no more than vaguely allude to the fact that he had not received the transcripts, we doubt that the due process claim was sufficiently exhausted. See Bernal-Vallejo v. INS, 195 F.3d 56, 64 (1st Cir. 1999); Ravindran v. INS, 976 F.2d 754, 761 (1st Cir. 1992). Moreover, even if we assume that the claim was exhausted, we find no prejudicial error.[1]

Whether the district court had jurisdiction to consider the withholding of removal claim is less clear since deciding whether petitioner established his eligibility for that relief involves a review of both factual and legal findings. In any event, even assuming that the scope of habeas review extends to this kind of claim and that the district court should have considered it, we think petitioner has failed to establish that he was eligible for withholding of removal as a matter of law. The evidence petitioner presented was insufficient to compel a finding that his membership on, or defection from, Guinea's national soccer team constituted a political opinion or "membership in a particular social group" as the BIA has interpreted that phrase. See 8 U.S.C. §

_____

[1]To the extent Diabate contends that, under Accardi v. Shaughnessy, 347 U.S. 260 (1954), no showing of prejudice was required because the failure to provide the transcripts violated an agency regulation or rule, we note that the argument is not properly before us since petitioner did not raise it below. See Amcel Corp. v. Int'l Exec. Sales, Inc., 170 F.3d 32, 35 (1st Cir. 1999); United States v. Slade, 980 F.2d 27, 30-31 (1st Cir. 1992). In any event, the argument is meritless.

1231(b)(3); <u>Matter of Acosta</u>, 19 I & N. Dec. 211, 233-34 (BIA 1985); <u>accord</u> <u>Alvarez-Flores</u> v. <u>INS</u>, 909 F.2d 1, 7 (1st Cir. 1990).

<u>Affirmed</u>.