[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 01-13742

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 14, 2002
THOMAS K. KAHN
CLERK

D.C. Docket No. 00-02572 CV-ASG


NECASTILLE DAVID BEJACMAR,

Petitioner-Appellant,

versus


JOHN ASHCROFT, Attorney General
of the United States,
KEVIN D. ROONEY, Acting Commissioner
of the Immigration Service, et al.,

Respondents-Appellees.


_____

Appeal from the United States District Court for the
Southern District of Florida

_____

**(May 14, 2002)**

Before BIRCH and WILSON, Circuit Judges, and DOWD*, District Judge.

BIRCH, Circuit Judge:

Necastille Bejacmar appeals the district court's decision to dismiss his habeas corpus petition for lack of subject matter jurisdiction. Bejacmar, a citizen of the Bahamas, lived in the United States as a lawful permanent resident until he committed an aggravated felony and was ordered removed. After an unsuccessful appeal of the removal order, Bejacmar sought habeas corpus review pursuant to 28 U.S.C. § 2241. The district court dismissed Bejacmar's petition, reasoning that 8 U.S.C. § 1252(b)(9) barred subject matter jurisdiction, a conclusion consistent with our statutory interpretation in Richardson v. Reno, 162 F.3d 1338 (1998) (Richardson I), and Richardson v. Reno, 180 F.3d 1311 (11th Cir. 1999) (Richardson II).

The Supreme Court, however, has since abrogated our statutory interpretation of 8 U.S.C. § 1252(b)(9) in the Richardson decisions, concluding that § 1252(b)(9) does not bar habeas jurisdiction over final removal orders which are not subject to judicial review under § 1252(a)(1). I.N.S. v. St. Cyr, 533 U.S. 289, 312-13, 121 S. Ct. 2271, 2286 (2001). Because Bejacmar's removal order is

---

* Honorable David D. Dowd, Jr., U.S. District Judge for the Northern District of Ohio, sitting by designation.

2

subject to § 1252(a)(2)(C) and not subject to judicial review under § 1252(a)(1), the district court did in fact have jurisdiction to address Bejacmar's case. Accordingly, we REVERSE and REMAND so that the district court may address the merits of Bejacmar's argument.

## I. BACKGROUND

Bejacmar entered the United States in 1973 and became a lawful permanent resident in 1978. In June 1997, Bejacmar pled guilty to conspiracy to commit bank fraud, a violation of 18 U.S.C. § 371. The trial court found that Bejacmar and his co-defendants defrauded three banks of over $34,000, and sentenced Bejacmar to eight months of home detention and five years of probation. Bejacmar's immigration status was not altered at the time of sentencing.

In May 1999, the Immigration and Naturalization Service ("INS") arrested Bejacmar and initiated removal proceedings. These proceedings were based on 8 U.S.C. § 1227(a)(2)(A)(iii), which provides that "[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable." Bank fraud is considered an aggravated felony under immigration law if the loss to the bank exceeds $10,000. 8 U.S.C. § 1101(a)(43)(M). Bejacmar was ordered removed in October 1999, and his appeal to the Board of Immigration Appeals was dismissed

in March 2000. Bejacmar then sought review under habeas corpus, arguing that he should be eligible for discretionary relief from removal. The district court dismissed Bejacmar's petition for lack of subject matter jurisdiction, a conclusion compelled by our decisions in Richardson I and Richardson II.

## II. DISCUSSION

We review de novo the district court's decision to dismiss Bejacmar's case for lack of subject matter jurisdiction. Ochran v. United States, 273 F.3d 1315, 1317 (11th Cir. 2001). The relevant statutory authority in this case is the Immigration and Nationality Act ("INA"), which was substantially modified in 1996 when Congress passed the Antiterrorism and Effective Death Penalty Act ("AEDPA") and the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"). Since 1996, there has been debate over the effect of AEDPA and IIRIRA on district court jurisdiction in habeas corpus cases.[1] On 25 June 2001 — the same day that the district court dismissed Bejacmar's habeas petition — the

---

[1] Before St. Cyr, several circuits besides our own had concluded that AEDPA and IIRIRA eliminated district court jurisdiction in habeas corpus cases. See, e.g., Morales-Ramirez v. Reno, 209 F.3d 977 (7th Cir. 2000), Max-George v. Reno, 205 F.3d 194 (5th Cir. 2000) (per curiam). Other circuits held that AEDPA and IIRIRA did not limit such jurisdiction. Mahadeo v. Reno, 226 F.3d 3 (1st Cir. 2000), Liang v. I.N.S., 206 F.3d 308 (3rd Cir. 2000), Flores-Miramotes v. I.N.S., 212 F.3d 1133 (9th Cir. 2000), Tasios v. Reno, 204 F.3d 544 (4th Cir. 2000).

Supreme Court addressed this issue. Citing deference to constitutional parameters, the Court held "that habeas jurisdiction under § 2241 was not repealed by AEDPA and IIRIRA." St. Cyr, 533 U.S. at 314, 121 S. Ct. at 2287. This conclusion resolves a circuit split, id. at 293 n.1, 121 S. Ct at 2275, and requires us to reverse the decision of the district court in Bejacmar's case.

St. Cyr removes the last statutory pillar supporting our circuit's earlier conclusion that IIRIRA repealed district court jurisdiction in habeas cases.[2] In Richardson II, we held that 8 U.S.C. § 1252(b)(9) — known as the "zipper clause" — effectively repealed district court jurisdiction by consolidating judicial review

---

[2] Since IIRIRA's passage, judicial interpretation of the statute's effect on habeas jurisdiction has evolved. In 1998, we read 8 U.S.C. § 1252(g) in concert with several other IIRIRA provisions as barring district court jurisdiction over habeas cases. Richardson I, 162 F.3d at 1354. Section 1252(g) provides for exclusive jurisdiction:

> Except as provided in this section and notwithstanding any other provision of law, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g). The Supreme Court, however, concluded that § 1252(g) does not apply to habeas. Reno v. American-Arab Comm., 525 U.S. 471, 482-83, 119 S. Ct. 936, 943 (1999). Instead, the Court determined that § 1252(g) "applies only to three discrete actions that the Attorney General may take: her 'decision or action' to 'commence proceedings, adjudicate cases, or execute removal orders.'" American-Arab, 525 U.S. at 482, 119 S. Ct. at 943 (quoting § 1252(g)). On remand, we affirmed the holding of Richardson I, removing § 1252(g) from the statutory calculus and basing our decision instead on § 1252(b)(9). Richardson II, 180 F.3d at 1315.

of removal decisions in the courts of appeal.  Richardson II, 180 F.3d at 1314-15.

The zipper clause provides:

> Judicial review of all questions of law and fact, including
> interpretation and application of constitutional and
> statutory provisions, arising from any action taken or
> proceeding brought to remove an alien from the United
> States under this subchapter shall be available only in
> judicial review of a final order under this section.

8 U.S.C. § 1252(b)(9).  This requirement of consolidation is accompanied by a

provision which establishes venue in the court of appeals, § 1252(b)(2).  Taken in

tandem, we reasoned that IIRIRA repealed district court jurisdiction over habeas

cases where the petitioner is subject to a removal order.  Richardson II, 180 F.3d at

1314-15.

In St. Cyr, the Supreme Court addressed the zipper clause.  The Court began

by articulating a standard: the repeal of habeas jurisdiction in the district courts

would require "overcom[ing] both the strong presumption in favor of judicial

review of administrative action and the longstanding rule requiring a clear

statement of congressional intent."  St. Cyr, 533 U.S. at 298, 121 S. Ct. at 2278

(footnote omitted).  Also, the Court observed that such a repeal must not run afoul

of the Suspension Clause, which provides that "The Privilege of the Writ of

Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or

Invasion the public Safety may require it."  Id. at 300, 121 S. Ct. at 2279 (quoting

6

U.S. Const. art. I, § 9, cl. 2). With the Suspension Clause in mind, the Court explained that "if an otherwise acceptable construction of a statute would raise serious constitutional problems, and where an alternative interpretation of the statute is fairly possible, we are obligated to construe the statute to avoid such problems." Id. at 299-300, 121 S. Ct. at 2279 (internal quotations and citation omitted).

The Court turned to the language of § 1252(b)(9), which applies "to review of an order of removal under subsection (a)(1)." 8 U.S.C. § 1252(b). Excluded from the scope of subsection (a)(1) is "any final order of removal against an alien who is removable by reason of having committed [particular] criminal offense[s]." 8 U.S.C. § 1252(a)(2)(C).[3] St. Cyr had pled guilty to selling a controlled substance, which removed his case from the scope of § 1252(a)(1). See 8 U.S.C. § 1227(a)(2)(B). Furthermore, the Court noted that § 1252(b)(9) applies to cases on "judicial review," a label the Court identified as " historically distinct from habeas." St. Cyr, 533 U.S. at 313-14, 121 S. Ct. at 2286-87. The Court concluded

---

[3] The Court acknowledged that the scope of § 1252(a)(2)(C)'s preclusive effect is "not entirely clear" in a companion case to St. Cyr. Calcano-Martinez v. I.N.S., 533 U.S. 348, 350 n.2, 121 S. Ct. 2268, 2270 (2001). In dicta, the Court indicated that § 1252(a)(2)(C) does not appear to preclude courts of appeal from adjudicating an alien's "substantial constitutional challenge[]" or a challenge of the factual determinations relevant to jurisdiction. Id.

that "§ 1252(b)(9) does not clearly apply to actions brought pursuant to the general habeas statute, and thus cannot repeal that statute either in part or in whole." Id. at 314, 121 S. Ct. at 2287.

The facts of St. Cyr are squarely on point with the facts of Bejacmar's case. Bejacmar pled guilty to conspiracy to commit bank fraud, which is categorized as an aggravated felony. 8 U.S.C. § 1101(a)(43)(M). Like St. Cyr, Bejacmar was ordered removed from the United States. There is no doubt that the outcome of the jurisdictional issue in Bejacmar's case is controlled by St. Cyr: § 1252(b)(9) "does not bar habeas jurisdiction over removal orders not subject to judicial review under § 1252(a)(1) — including orders against aliens who are removable by reason of having committed one or more criminal offenses." St. Cyr, 533 U.S. at 313, 121 S. Ct. at 2286.

Accordingly, the district court's decision to dismiss Bejacmar's habeas petition for lack of subject matter jurisdiction is **REVERSED**, and we **REMAND** for consideration of the merits of Bejacmar's argument.