[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 13, 2012
JOHN LEY
CLERK

Nos. 10-12899 and 11-11150

_____

Agency No. A077-923-442


SALEM ISSA MAKHLOUF,

                                                        Petitioner,

                    versus

U.S. ATTORNEY GENERAL,

                                                        Respondent.

_____

Petitions for Review of a Decision of the
Board of Immigration Appeals

_____

(April 13, 2012)

Before BARKETT and HULL, Circuit Judges, and HUNT,[*] District Judge.

PER CURIAM:

In this consolidated appeal, Salem Makhlouf, a native and citizen of Syria, petitions for review of two orders of the Board of Immigration Appeals ("BIA"). He first sought review of the BIA's final order affirming the Immigration Judge's ("IJ") denial of his application for adjustment of status under 8 U.S.C. § 1255(i). While that petition was pending before us, Makhlouf sought to have the BIA reopen his immigration proceedings, and accordingly, requested a stay of the briefing schedule, which this Court granted. When the BIA denied Makhlouf's motion for reopening, Makhlouf petitioned for review of that order also, which this Court consolidated with his earlier petition.[1]

On appeal, Makhlouf raises two arguments. First, he argues that the "approvable when filed" requirement of 8 C.F.R. § 1245.10(a) impermissibly exceeds the scope of its corresponding statute, 8 U.S.C. § 1255(i), by improperly adding an eligibility requirement that is not in the statute. Because Makhlouf entered the United States without inspection, his eligibility for adjustment of status

_____

[*] Honorable Willis B. Hunt, Jr., United States District Judge for the Northern District of Georgia, sitting by designation.

[1] The statutory scheme governing judicial review of final orders of removal provides in pertinent part that "any review sought of a motion to reopen or reconsider the [final] order [of removal] shall be consolidated with the review of the order." 8 U.S.C. § 1252(b)(6).

2

is dependent upon meeting the requirements of 8 U.S.C. § 1255(i).[2]  To be eligible

for adjustment under § 1255(i), an alien who is "physically present in the United

States" must be the beneficiary of an immediate relative visa petition[3] that "was

filed with the Attorney General on or before April 30, 2001."  8 U.S.C. §

1255(i)(1).  The Attorney General has promulgated implementing regulations[4]

regarding eligibility for adjustment of status under § 1255(i) that since 2001 have

included a provision that the qualifying visa petition be "approvable when filed."

See Adjustment of Status To That Person Admitted for Permanent Residence;

Temporary Removal of Certain Restrictions of Eligibility, 66 Fed. Reg. 16,383,

16,385 (March 26, 2001) ("In interpreting the language of Section 245(i) since it

was amended in 1997, the Department has also required that the visa petition must

have been 'approvable when filed' to qualify the alien beneficiary for

---

[2]  Aliens who enter the United States without inspection are generally ineligible to seek an adjustment of status. See 8 U.S.C. § 1255(a) ("The status of an alien who was inspected and admitted or paroled into the United States . . . may be adjusted by the Attorney General . . . to that of an alien lawfully admitted for permanent residence."). 8 U.S.C. § 1255(i) is one of the statutory exceptions to that bar.

[3]  Beneficiaries of an application for labor certification are also eligible to apply for adjustment under § 1255(i).

[4]  Congress delegated to the Attorney General the authority to promulgate regulations as are necessary to carry out the Immigration and Nationality Act, see 8 U.S.C. § 1103(g)(2), and has explicitly authorized the Attorney General to do so with respect to adjustment of status, see 8 U.S.C. § 1255(a).

grandfathering."). Makhlouf argues that because the statute requires only that the petition be "filed," the regulation's added requirement that the petition be "approvable when filed" is an impermissible construction of the statute.

Alternatively, Maklouf argues that even if the regulation is deemed valid, the IJ violated his due process rights by misleading him regarding who bore the burden of proof to establish that his first wife's visa petition was approvable when filed and by not allowing him to supplement the record.[5]

As to Makhlouf's statutory construction claim, the government argues, and we conclude, that because Makhlouf failed to administratively exhaust this claim, we are without jurisdiction to address its merits. Makhlouf does not dispute that he failed to exhaust this claim, but rather that exhaustion was futile and, therefore, his failure to exhaust should not bar review.

8 U.S.C. § 1252(d)(1) provides that we "may review a final order of removal only if—[]the alien has exhausted all administrative remedies available to the alien as of right." We have explained that § 1252(d)(1)'s statutory exhaustion requirement is jurisdictional. See Sundar v. I.N.S., 328 F.3d 1320, 1323 (11th Cir.

---

[5] Although Makhlouf lists in his issues presented for review, a claim pertaining to the denial of his motion to reopen, he fails to develop any argument in his brief on this issue, including the underlying assertion regarding ineffective assistance of counsel. Accordingly, we need not and do not address these issues. See Greenbriar, Ltd. v. City of Alabaster, 881 F.2d 1570, 1573 n. 6 (11th Cir.1989) (stating that passing references to issues are insufficient to raise a claim for appeal, and such issues are deemed waived or abandoned).

2003). Although exhaustion would have been futile in this case because the BIA lacks authority to declare regulations invalid, see Matter of Anselmo, 20 I & N Dec. 25, 30 (BIA 1989), the Supreme Court has held, in the context of statutory time limits, that federal courts have "no authority to create equitable exceptions to jurisdictional requirements." See Bowles v. Russell, 551 U.S. 205, 214 (2007). See also Richardson v. Reno, 162 F.3d 1338, 1374 (11th Cir. 1998), vacated and remanded, 526 U.S. 1142, reaff'd and reinstated, 180 F.3d 1311 (11th Cir. 1999) (noting that "mandatory statutory exhaustion is not satisfied by a judicial conclusion that the requirement need not apply due to futility.").

Makhlouf also argues that the IJ violated his due process rights by misleading him regarding whose burden it was to prove that his first wife's visa petition was approvable when filed and then failing to grant him a continuance to provide additional documentation. "To establish due process violations in removal proceedings, [an] alien[] must show that [he] was deprived of liberty without due process of law, and that the asserted errors caused [him] substantial prejudice." Lonyem v. U.S. Att'y Gen., 352 F.3d 1338, 1341–42 (11th Cir. 2003). To establish substantial prejudice and prevail on a due process claim an alien must therefore show that the outcome would have been different "in the absence of the alleged procedural deficiencies." Patel v. U.S. Att'y Gen., 334 F.3d 1259, 1263

5

(11th Cir. 2003).

Assuming the IJ's statements initially indicated that Makhlouf had no burden to show that his prior marriage was *bona fide*, such that the IJ should have *sua sponte* granted a continuance to allow time to submit the additional documents, Makhlouf has still not demonstrated that his due process rights were violated because he cannot show prejudice. Makhlouf never attempted to supplement the record before the BIA with any additional documents. See BIA decision (May 27,2010) ("Although the respondents' former attorney asserted . . . that he would have introduced additional documents if he had known before the final hearing that the respondent would have the burden of proof, the additional documents have not been provided even to this Board on appeal."). Therefore, as the BIA concluded, there is no indication of what the alleged documents might have proven and Makhlouf cannot show how he was prejudiced by their absence.

**PETITION DISMISSED, in part, and DENIED, in part.**

HULL, Circuit Judge, CONCURRING:

I concur in the majority opinion in full, but add another reason why Makhlouf's petition as to his application for adjustment of status must be dismissed for failure to exhaust.

Makhlouf's claim to this Court—that the regulations in 8 C.F.R. § 1245.10(a) exceed the statutory requirement of being a "beneficiary" of a visa petition "filed" on or before April 30, 2001 in 8 U.S.C. § 1255(i)—encompasses a threshold issue that Makhlouf also failed to raise before the IJ and BIA, even though the BIA would have had authority to consider this issue and grant relief if Makhlouf had prevailed on the issue.

The § 1245.10(a) regulation defines "approvable when filed" to mean that "the qualifying petition . . . was properly filed, meritorious in fact, and non-frivolous." 8 C.F.R. § 1245.10(a)(3). In In re Riero, 24 I & N Dec 267 (2007), the BIA interpreted "meritorious in fact" in the regulation to go beyond an actual marriage and require proving a "bona fide" marriage, explaining:

> as a matter of first impression . . . in order for a visa petition to be 'approvable when filed' . . . there must be a showing that the marriage on which it is based was <u>bona fide</u>. <u>It is not enough to show merely that a marriage existed</u>. Furthermore, in order <u>to be 'meritorious in fact,' the visa petition must be based on a genuine marriage</u> in which the parties intended to share a life as husband and wife, not a marriage of convenience designed solely to confer an immigration benefit on one of the parties.

7

24 I & N at 268 (emphasis added) (citation omitted).

Makhlouf need not have waited to petition this Court to claim that § 1255(i) and the regulation did not require Makhlouf to prove that his marriage to his first wife, Tower, was "bona fide." Makhlouf need only have urged the BIA to reconsider its interpretation of "meritorious in fact" and "approvable when filed" from Riero to mean a legal marriage, as opposed to an genuine or bona fide marriage. See Sundar v. INS, 328 F.3d 1320, 1325 (11th Cir. 2003) ("It was within the BIA's authority to reconsider and change its decision in In re Yeung, and in order to exhaust his administrative remedies Sundar should have asked it to do so."); cf. Linares Huarcaya v. Mukasey, 550 F.3d 224, 228 (2d Cir. 2008) ("By focusing exclusively on the BIA's reading of 'meritorious in fact' and 'non-frivolous' in 8 C.F.R. § 1245.10(a)(3), Huarcaya is challenging the BIA's interpretation of its own regulations, not the agency's interpretation of the statute."). Makhlouf could have argued that the regulation's "approvable when filed" and "meritorious in fact" standards necessarily required the IJ to find an alien "grandfathered" so long as he was actually or legally married to the visa petitioner at the time the qualifying visa petition was filed (as opposed to the BIA's interpretation that Makhlouf must prove a genuine or bona fide marriage). Such a challenge would have avoided a court's "premature interference with

administrative processes and . . . allow[ed] the agency to consider the relevant issues." Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250 (11th Cir. 2006).

Finally, while Makhlouf claims that the word "filed" in § 1255(i) forecloses the "approvable when filed" standard in the regulation, the counterargument is that the relevant textual question is not only what it means for a visa petition to be "filed," but also whether, under the statute, Mahlouf was a "beneficiary" of his first wife's 2001 visa petition even though that petition was based on a marriage that was not bona fide. INA § 245(i)(1)(B), 8 U.S.C. § 1255(i)(1)(B). We need not, and do not, reach this or any other statutory question here.