PER CURIAM:
In this consolidated appeal, Salem Ma-khlouf, a native and citizen of Syria, petitions for review of two orders of the Board of Immigration Appeals (“BIA”). He first sought review of the BIA’s final order affirming the Immigration Judge’s (“IJ”) denial of his application for adjustment of status under 8 U.S.C. § 1255(i). While that petition was pending before us, Ma-khlouf sought to have the BIA reopen his immigration proceedings, and accordingly, requested a stay of the briefing schedule, which this Court granted. When the BIA denied Makhloufs motion for reopening, Makhlouf petitioned for review of that order also, which this Court consolidated with his earlier petition.[1]
On appeal, Makhlouf raises two arguments. First, he argues that the “approvable when filed” requirement of 8 C.F.R. § 1245.10(a) impermissibly exceeds the scope of its corresponding statute, 8 U.S.C. § 1255(f), by improperly adding an eligibility requirement that is not in the statute. Because Makhlouf entered the United States without inspection, his eligibility for *847 adjustment of status is dependent upon meeting the requirements of 8 U.S.C. § 1255(i).[2] To be eligible for adjustment under § 1255(i), an alien who is “physically present in the United States” must be the beneficiary of an immediate relative visa petition[3] that “was filed with the Attorney General on or before April 30, 2001.” 8 U.S.C. § 1255(i)(l). The Attorney General has promulgated implementing regulations [4] regarding eligibility for adjustment of status under § 1255(i) that since 2001 have included a provision that the qualifying visa petition be “approvable when filed.” See Adjustment of Status To That Person Admitted for Permanent Residence; Temporary Removal of Certain Restrictions of Eligibility, 66 Fed.Reg. 16,383, 16,385 (March 26, 2001) (“In interpreting the language of Section 245(i) since it was amended in 1997, the Department has also required that the visa petition must have been ‘approvable when filed’ to qualify the alien beneficiary for grandfathering.”). Makhlouf argues that because the statute requires only that the petition be “filed,” the regulation’s added requirement that the petition be “approvable when filed” is an impermissible construction of the statute.
Alternatively, Maklouf argues that even if the regulation is deemed valid, the IJ violated his due process rights by misleading him regarding who bore the burden of proof to establish that his first wife’s visa petition was approvable when filed and by not allowing him to supplement the record.[5]
As to Makhlouf s statutory construction claim, the government argues, and we conclude, that because Makhlouf failed to administratively exhaust this claim, we are without jurisdiction to address its merits. Makhlouf does not dispute that he failed to exhaust this claim, but rather that exhaustion was futile and, therefore, his failure to exhaust should not bar review.
8 U.S.C. § 1252(d)(1) provides that we “may review a final order of removal only if — [ ]the alien has exhausted all administrative remedies available to the alien as of right.” We have explained that § 1252(d)(l)’s statutory exhaustion requirement is jurisdictional. See Sundar v. I.N.S., 328 F.3d 1320, 1323 (11th Cir.2003). Although exhaustion would have been futile in this case because the BIA lacks authority to declare regulations invalid, see Matter of Anselmo, 20 I. & N. Dec. 25, 30 (BIA 1989), the Supreme Court has held, *848 in the context of statutory time limits, that federal courts have “no authority to create equitable exceptions to jurisdictional' requirements.” See Bowles v. Russell, 551 U.S. 205, 214, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007). See also Richardson v. Reno, 162 F.3d 1338, 1374 (11th Cir.1998), vacated and, remanded, 526 U.S. 1142, 119 S.Ct. 2016, 143 L.Ed.2d 1029, reaff'd and reinstated, 180 F.3d 1311 (11th Cir.1999) (noting that “mandatory statutory exhaustion is not satisfied by a judicial conclusion that the requirement need not apply due to futility.”).
Makhlouf also argues that the IJ violated his due process rights by misleading him regarding whose burden it was to prove that his first wife’s visa petition was approvable when filed and then failing to grant him a continuance to provide additional documentation. “To establish due process violations in removal proceedings, [an] alien[] must show that [he] was deprived of liberty without due process of law, and that the asserted errors caused [him] substantial prejudice.” Lonyem v. U.S. Att’y Gen., 352 F.3d 1338, 1341-42 (11th Cir.2003). To establish substantial prejudice and prevail on a due process claim an alien must therefore show that the outcome would have been different “in the absence of the alleged procedural deficiencies.” Patel v. U.S. Att’y Gen., 334 F.3d 1259, 1263 (11th Cir.2003).
Assuming the IJ’s statements initially indicated that Makhlouf had no burden to show that his prior marriage was bona fide, such that the IJ should have sua sponte granted a continuance to allow time to submit the additional documents, Ma-khlouf has still not demonstrated that his due process rights were violated because he cannot show prejudice. Makhlouf never attempted to supplement the record before the BIA with any additional documents. See BIA decision (May 27,2010) (“Although the respondents’ former attorney asserted ... that he would have introduced additional documents if he had known before the final hearing that the respondent would have the burden of proof, the additional documents have not been provided even to this Board on appeal.”). Therefore, as the BIA concluded, there is no indication of what the alleged documents might have proven and Ma-khlouf cannot show how he was prejudiced by their absence.
PETITION DISMISSED, in part, and DENIED, in part.

. The statutory scheme governing judicial review of final orders of removal provides in pertinent part that "any review sought of a motion to reopen or reconsider the [final] order [of removal] shall be consolidated with the review of the order.” 8 U.S.C. § 1252(b)(6).

. Aliens who enter the United States without inspection are generally ineligible to seek an adjustment of status. See 8 U.S.C. § 1255(a) ("The status of an alien who was inspected and admitted or paroled into the United States ... may be adjusted by the Attorney General ... to that of an alien lawfully admitted for permanent residence.”). 8 U.S.C. § 1255(i) is one of the statutory exceptions to that bar.

. Beneficiaries of an application for labor certification are also eligible to apply for adjustment under § 1255(i).

. Congress delegated to the Attorney General the authority to promulgate regulations as are necessary to carry out the Immigration and Nationality Act, see 8 U.S.C. § 1103(g)(2), and has explicitly authorized the Attorney General to do so with respect to adjustment of status, see 8 U.S.C. § 1255(a).

.Although Makhlouf lists in his issues presented for review, a claim pertaining to the denial of his motion to reopen, he fails to develop any argument in his brief on this issue, including the underlying assertion regarding ineffective assistance of counsel. Accordingly, we need not and do not address these issues. See Greenbriar, Ltd. v. City of Alabaster, 881 F.2d 1570, 1573 n. 6 (11th Cir.1989) (stating that passing references to issues are insufficient to raise a claim for appeal, and such issues are deemed waived or abandoned).